William F. MAXWELL, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civil Action No. 1:98–CV–2713–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 3, 1999.

William F. Maxwell, Duluth, GA, pro se.

Robert David Powell, Assistant United States Attorney, Atlanta, GA, Maggie O'Shaughnessy, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

## ORDER

FORRESTER, District Judge.

This matter is before the court on Defendant's motion to dismiss [6–1] and motion for protective order and for stay pending resolution of its motion to dismiss [8–1].

### I. Statement of the Case

Plaintiff William F. Maxwell brought the instant action *pro se* against the United States seeking a refund of federal income tax for tax years 1994, 1995, 1996 and 1997. Plaintiff alleges the following facts in support of his complaint.

On August 30, 1996, the Internal Revenue Service ("IRS") sent Plaintiff a statu-

tory notice of deficiency for tax year 1994. Plaintiff complains that the IRS improperly calculated his liability without allowing any personal exemptions other than his own, without allowing deductions, and without correctly computing his income from the sale of stocks and bonds. He claims that the IRS administratively confiscated the amount of the statutory notice of deficiency for tax year 1994 plus statutory interest from his compensation, the total amount of which was $6,763.74. He also states that for tax year 1994 he had taxes withheld in the amounts of $7,164.72 for federal income taxes, $3,253.22 for "Social Security income taxes," and $760.83 for "Medicare taxes."

As to tax year 1994, Plaintiff claims that he is entitled to: (1) personal exemptions; (2) a deduction for mortgage interest in the amount of $5,381.01; (3) a deduction for medical and dental expenses; (4) a deduction for real estate taxes; (5) a deduction for "other taxes"; (6) a deduction for interest payments; (7) a deduction for charitable gifts; (8) a deduction for casualty losses; (9) a deduction for state income taxes; and (10) other deductions authorized by the Internal Revenue Code. He also asserts that the IRS wrongfully calculated his gross income from stock transactions without taking into account his cost basis. Plaintiff seeks a refund of taxes for tax year 1994 in an amount to be determined after taking into account the cost basis for his stock as well as appropriate deductions and exemptions.

Plaintiff further complains that federal income tax has not yet been assessed against him for tax years 1995, 1996, and 1997. He claims that the following amounts corresponding with each tax year have been withheld from him: (1) 1995: $10,490.69 for income tax, $3,794.40 for "Social Security income tax," and $946.58 for "Medicare tax"; (2) 1996: $17,795.59 for income tax, $3,787.40 for "Social Security income tax," and $1,327.17 for "Medicare tax"; and (3) 1997: $15,230.88 for income tax, and $5,265.09 for both "Social Security income tax" and "Medicare tax." He asserts entitlement to a refund of these "unassessed" taxes which have been withheld for tax years 1995, 1996 and 1997.

Finally, Plaintiff challenges the constitutionality of the federal income tax in general, stating that a statutory scheme which cannot be understood by an average United States citizen is in violation of the Due Process Clause of the Fifth Amendment. He also specifically asserts that the imposition of federal income tax upon compensation is unconstitutional.

Plaintiff states that on January 18, 1998 he submitted an administrative claim for refund of taxes to the IRS through the "Director of the Georgia District" and the "Director of the Atlanta Service Center." He also submitted a supplemental claim in May 1998 to these same offices. Plaintiff states that he has not yet received a response from his administrative claims but deems them to have been denied.

Currently pending before the court is the United States' motion to dismiss Plaintiff's complaint pursuant to Federal Rules Civil Procedure 12(b)(6) and 12(b)(1).

## II. Discussion

### A. *Motion to Dismiss*

#### 1. *Refund for Tax Year 1994*

Plaintiff complains that he was not permitted to take certain deductions and exemptions for tax year 1994 and that his income was improperly computed. Defendant asserts that Plaintiff is not entitled to the deductions he now seeks to claim, for he did not file a tax return for 1994 and properly claim them.

The Internal Revenue Code ("Code") allows a taxpayer, in determining his taxable income, to itemize his deductions rather than take a standard deduction. 26 U.S.C. § 63. However, a taxpayer must elect to take itemized deductions; the Code specifies that "[u]nless an individual makes an election under this subsection for the taxable year, no itemized deduction shall be allowed for the taxable year." 26 U.S.C. § 63(e)(1). The election is to be made "on

the taxpayer's return." 26 U.S.C. § 63(e)(2).

In the instant case, the IRS prepared Plaintiff's tax return for tax year 1994 pursuant to 26 U.S.C. § 6020(b)(1), which authorizes the Secretary to execute a return when a taxpayer fails to do so. The IRS applied the standard deduction provided in 26 U.S.C. § 63(c) rather than itemized deductions. Defendant relies upon the language of § 63(e) quoted above for its assertion that Plaintiff is now unable to claim an itemized rather than a standard deduction for tax year 1994, for he has yet to file a return for that tax year. Defendant contends that because the election has not been made on Plaintiff's return, Plaintiff cannot claim the specific deductions sought in his complaint.

■ The court agrees with Defendant that, by the clear terms of the Code, Plaintiff may not now seek to claim itemized deductions rather than the standard deduction, for Plaintiff did not elect itemized deductions on a return for tax year 1994. The court does not find persuasive Plaintiff's arguments to the contrary. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted for refund of taxes based upon consideration of itemized deductions available in tax year 1994. This portion of his complaint will therefore be dismissed.

However, Plaintiff also claims that the IRS wrongfully failed to take account of an available personal exemption under 26 U.S.C. § 151 for tax year 1994 and that the IRS erroneously computed his income from sale of stock. Defendant does not address either contention in its motion to dismiss.

Section 63 of the Code provides in part:

In the case of an individual who does not elect to itemize his deductions for the taxable year, for purposes of this subtitle, the term 'taxable income' means adjusted gross income, minus—

(1) the standard deduction, and

(2) the deduction for personal exemptions provided in section 151.

26 U.S.C. § 63(b).

■ Plaintiff argues that, pursuant to § 63, even if he did fail to itemize his deductions, he should have been permitted to take personal exemptions provided in § 151 in addition to a standard deduction. Specifically, Plaintiff claims that he was improperly denied the exemption for dependents authorized by 26 U.S.C. § 151(c). There is insufficient information before the court to permit a determination of whether the IRS complied with the terms of § 63 in computing Plaintiff's taxable income. The court therefore cannot find that Plaintiff has failed to state a claim upon which relief may be granted, for Plaintiff may be able to prove that personal exemptions authorized by § 151 were wrongfully denied. Defendant's motion to dismiss this claim will accordingly be denied.

■ In addition, the court finds that there is insufficient information in the pleadings before it to grant Defendant's motion to dismiss Plaintiff's claim that the IRS erred in computing his income from sale of stock. Plaintiff appears to allege that the IRS included in his gross income certain gains derived from sale of stock, see 26 U.S.C. § 61(a)(3), but that the IRS's determination of the amount of that gain was not in compliance with the Code because the adjusted basis in the property was not taken into account. See 26 U.S.C. § 1001. Defendant makes no response to Plaintiff's contentions. Plaintiff may be able to establish that the IRS was in error in computing his taxable income on the basis of sale of property and that as a result an excessive tax was collected for tax year 1994. Accordingly, the court will not dismiss this element of Plaintiff's complaint.

In sum, although the Code provides that returns executed by the Secretary under 26 U.S.C. § 6020 "shall be prima facie good and sufficient for all legal purposes," 26 U.S.C. § 6020(b)(2), Defendant has not

cited and the court cannot find any authority for the proposition that this section precludes a civil action for refund merely because a return was filed by the Secretary pursuant to § 6020 rather than by a taxpayer. The court therefore cannot agree with Defendant that Plaintiff's failure to file a return for tax year 1994 precludes his entire civil action for refund of taxes for tax year 1994. Therefore, in accordance with the foregoing, Defendant's motion to dismiss Plaintiff's cause of action for refund of taxes assessed for tax year 1994 is GRANTED IN PART and DENIED IN PART. Defendant's motion is GRANTED only as to Plaintiff's claim that he should presently be permitted to elect an itemized rather than a standard deduction for tax year 1994. Defendant's motion is DENIED as to Plaintiff's remaining claims that the IRS erroneously failed to permit Plaintiff to take available personal exemptions and that the IRS erred in computing Plaintiff's income based upon a sale of stock.

### 2. Refund for Tax Years 1995, 1996 & 1997

Plaintiff next complains that he is entitled to a refund of taxes withheld for years 1995, 1996 and 1997 because taxes for these years have not been assessed by the IRS. He claims that the taxes withheld in those years were mere deposits in the nature of a cash bond that he is entitled to have refunded to him as a result of the IRS's failure to make an assessment. Defendant contends that taxes for years 1995, 1996 and 1997 have properly been deemed as paid, and that it is under no obligation to make a formal assessment in order to establish Plaintiff's liability for federal income tax. Having carefully considered the position of both parties, the court finds dismissal of Plaintiff's claims for refund as to tax years 1995, 1996 and 1997 appropriate.

■ The Code generally provides a three-year period of limitations, beginning with the filing of a taxpayer's return, during which the IRS shall assess taxes imposed. 26 U.S.C. § 6501(a). However, a specific exception to this rules states that "[i]n the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." 26 U.S.C. § 6501(c)(3). Plaintiff in the instant case has failed to file returns for years 1995, 1996 and 1997. Under the clear terms of the Code, the IRS therefore is not bound by a three-year period of limitations in which to assess taxes against Plaintiff, but may assess taxes "at any time."

In addition, assessment is not a prerequisite to tax liability. 26 U.S.C. § 6151(a); *Moran v. United States*, 63 F.3d 663, 666 (7th Cir.1995). Despite the fact that the IRS has yet to make a formal assessment of taxes against Plaintiff for 1995, 1996, and 1997, Plaintiff properly owes taxes for those years.

■ Further, the taxes withheld from Plaintiff's wages during 1995, 1996 and 1997 are deemed under the Code to have been paid on April 15 of each following year. 26 U.S.C. § 6513(b)(1). The court agrees with Defendant that Plaintiff's reliance on *Rosenman v. United States*, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945), which would permit the court to consider the facts and circumstances of the instant case along with Plaintiff's intent in order to ascertain whether Plaintiff's withholdings should be deemed payments, is misplaced. *See Lee v. United States*, 66 F.3d 326, 1995 WL 527373, *4 (6th Cir.1995) (finding that 26 U.S.C. § 6513(b) superseded application of *Rosenman*); *Ehle v. United States*, 720 F.2d 1096, 1097 (9th Cir.1983) (finding reliance on taxpayer intent standard of *Rosenman* to be misplaced in light of § 6513(b)). The court finds under the Code that the taxes withheld for the years at issue have been paid to the IRS. The court therefore cannot agree with Plaintiff that the amount of taxes withheld from him in tax years 1995, 1996 and 1997 were merely deposited in the nature of a cash bond and as such should be returned to him since formal

taxes have not been assessed. The issue before the court therefore is whether Plaintiff is entitled to a refund of the amounts already paid for tax years 1995, 1996 and 1997.

It is fundamental that a taxpayer may receive a refund only where he has overpaid his tax. *See Lewis v. Reynolds,* 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932). Plaintiff in the instant case makes no allegations that he has overpaid his taxes for 1995, 1996 and 1997. Instead, he simply requests full refund of the amounts withheld from his compensation for these tax years under the rationale that taxes have yet to be assessed. As discussed above, however, formal assessment is not required in order for Plaintiff to be liable for federal income tax.

Because Plaintiff is not entitled to have amounts withheld from him for tax years 1995, 1996 and 1997 refunded merely because of the failure of the IRS to make an assessment of taxes against him, the court finds that Plaintiff has failed to state a claim upon which relief may be granted. Defendant's motion to dismiss is therefore GRANTED as to Plaintiff's cause of action for refund of all taxes withheld for tax years 1995, 1996 and 1997.

### 3. *Constitutionality of Federal Income Tax*

 Finally, Plaintiff seeks a declaration by this court that the federal tax system in general, and the practice of collecting taxes from compensation for services in particular are unconstitutional. Pursuant to the Declaratory Judgment Act, this court is without jurisdiction to entertain proceedings seeking declaratory relief in cases involving federal taxes. 28 U.S.C. § 2201(a); *Willis v. Alexander,* 575 F.2d 495 (5th Cir.1978) (finding district court to be without jurisdiction to entertain plaintiff's action for declaratory relief with respect to the constitutionality of certain federal income tax laws).

Accordingly, Plaintiff's challenges to the constitutionality of the federal income tax laws are DISMISSED for lack of subject matter jurisdiction.

### B. *Motion for Protective Order*

Defendant filed a motion for protective order on February 12, 1999 asking this court to stay discovery in the instant case and grant a protective order excusing it from responding to Plaintiff's discovery requests until such time as its motion to dismiss was resolved. Because Defendant's motion to dismiss has now been resolved, the motion is DENIED as moot.

### III. Conclusion

Defendant's motion to dismiss [6–1] is GRANTED IN PART and DENIED IN PART. As to Plaintiff's cause of action for refund of taxes assessed and paid for tax year 1994, Defendant's motion is GRANTED only as to Plaintiff's claim regarding entitlement to itemized deductions. The motion is DENIED as to Plaintiff's remaining claims that the IRS wrongfully failed to apply available personal exemptions and erred in computing his income based upon a sale of stock when assessing his tax liability for tax year 1994. Defendant's motion is GRANTED as to Plaintiff's claim for refund of taxes collected for tax years 1995, 1996 and 1997. The motion is also GRANTED as to Plaintiff's challenge to the constitutionality of the federal income tax laws.

The Clerk of Court is accordingly DIRECTED to DISMISS all of Plaintiff's causes of action except his action for refund of federal income taxes collected for tax year 1994 by reason of the IRS's alleged wrongful disallowance of personal exemptions and erroneous computation of income derived from the sale of stock.

Finally, Defendant's motion for protective order and for stay pending resolution of its motion to dismiss [8–1] is DENIED as moot.