T.C. Memo. 2004-187


UNITED STATES TAX COURT


BRIAN TIMOTHY BRUNNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5133-03.                     Filed August 24, 2004.


        P failed to file a Federal income tax return for the
1997 year.  R subsequently determined a deficiency and
additions to tax, which P then contested on the basis of tax
protester arguments.

        <u>Held</u>:  P is liable for the deficiency determined by R,
for additions to tax under secs. 6651(a)(1) and 6654,
I.R.C., and for a penalty under sec. 6673, I.R.C.


Brian Timothy Brunner, pro se.

<u>Kathleen K. Raup</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  Respondent determined a Federal income tax deficiency for petitioner's 1997 taxable year in the amount of $13,504 and additions to tax pursuant to section 6651(a)(1) and (2) of $2,506.27 and $2,784.75, respectively, and pursuant to section 6654 of $585.91.[1]  After concessions,[2] the issues for decision are:

(1) Whether petitioner is liable for a deficiency in the amount of $13,504 for the 1997 taxable year; and

(2) whether petitioner is liable for additions to tax under sections 6651(a)(1) and 6654.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.  At the time this petition was filed, petitioner resided in Reading, Pennsylvania. Petitioner was married as of December 31, 1997.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] By answer, respondent conceded the sec. 6651(a)(2) penalty and sought a correlative increase of $278.48 in the sec. 6651(a)(1) addition to tax, on grounds that the limitations contained in sec. 6651(c)(1) no longer applied.

During 1997, petitioner received wages in the amount of $63,101.50 from his employer, National Software, and interest income in the amount of $20 from the State of California, resulting in total taxable income for the year of $63,121.50. National Software withheld $2,365 in Federal income tax from petitioner's salary during 1997. Petitioner did not file a tax return for 1997. Respondent issued a notice of deficiency on December 30, 2002, and determined additions to tax. Petitioner timely filed a petition disputing the deficiency and additions to tax, which petition included lengthy tax protester arguments. Petitioner is not the subject of any criminal investigation.

OPINION

I. Contentions of the Parties

Petitioner contends that he is not required to file a return. He argues that he has already paid the taxes due through his withholdings, in that his filing status of "married, filing jointly" and his 10 total exemptions for himself, his wife, and his eight children were more than sufficient to reduce his tax liabilities to an amount fully covered by the withheld Federal income tax. In addition, petitioner raises tax protester arguments under the Fourth, Fifth, Ninth, Thirteenth, and Sixteenth Amendments to the Constitution in opposition to the filing requirement.

Respondent, noting that there is no dispute as to petitioner's income, claims that petitioner's deficiency is properly determined on the basis of "married, filing separately" filing status with a standard deduction and one exemption. Respondent points to the fact that petitioner did not provide any documentation with respect to his eight children, other than claiming exemptions for them on his Form W-4, Employee's Withholding Allowance Certificate, and that petitioner did not file a joint return or elect to itemize his deductions.

## II. Petitioner's Income Tax Liability

### A. General Rules

Respondent's determination of petitioner's tax liability is presumed correct, and petitioner bears the burden of proving that the determination is improper. Welch v. Helvering, 290 U.S. 111, 115 (1933); Rule 142(a). Although section 7491 may shift the burden to respondent in specified circumstances, petitioner here did not satisfy the prerequisites under section 7491(a)(1) and (2) for such a shift.

### B. Filing Requirement

The Code imposes a Federal tax on the taxable income of every individual. Sec. 1. Gross income for the purposes of calculating taxable income is defined as "all income from whatever source derived". Sec. 61(a). Every U.S. resident individual whose gross income for the taxable year equals or

exceeds the exemption amount is required to make an income tax return.  Sec. 6012(a)(1)(A).  Petitioner had gross income totaling $63,121.50 from wages and interest for taxable year 1997.  The exemption amount for taxable year 1997 was $2,650.  Petitioner's gross income exceeded the exemption amount for the 1997 taxable year, and petitioner was therefore required to file an income tax return.

C. Filing Status

In order to qualify to calculate tax under rates applicable to "Married Individuals Filing Joint Returns", an individual must make a joint return with his or her spouse pursuant to section 6013.  Sec. 1(a)(1).  Joint filing status is not allowable, unless a joint return is filed and made a part of the record before the case is submitted to our Court for decision.  Phillips v. Commissioner, 86 T.C. 433, 441 n.7 (1986), affd. in relevant part 851 F.2d 1492 (D.C. Cir. 1988)("where the taxpayer has filed no return as of the date the case is submitted for decision * * * no returns would be in the record, and, therefore, no joint filing status could be claimed."); Gudenschwager v. Commissioner, T.C. Memo. 1989-6 ("If a taxpayer has not filed a return by the time his case is submitted for decision, it is too late for the taxpayer to file a joint return and elect joint filing status. * * * In this situation, no returns would be in the record, so this

Court would have no basis for finding that the taxpayer had joint return status.").

Neither petitioner nor his spouse filed any returns, joint or otherwise. Thus, petitioner is not entitled to claim joint filing status. A married person who does not make a joint return with his or her spouse must use rates specified for "Married Individuals Filing Separate Returns". Sec. 1(d). Therefore, respondent was correct in calculating petitioner's taxes on a married filing separately basis.

D. <u>Dependency Exemption Deductions</u>

The Supreme Court has stated that the extent of any allowable deduction is a matter of legislative grace. <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934). Petitioner alleges that he filed a Form W-4, indicating a total of 10 exemptions. He argues that the Form W-4 is proof of his entitlement to his claimed 10 exemptions.

However, petitioner's Form W-4 is nothing more than his certification that he believes he is entitled to a claimed number of withholding allowances. Form W-4 is merely a declaration enabling employers to determine the amount of Federal income tax to withhold from an individual's pay. The form is forwarded to the Internal Revenue Service (IRS) by the employer only if: (1) The taxpayer claims more than 10 allowances, and (2) the taxpayer claims "exempt" and the taxpayer's wages are more than $200 per

week.  IRS Publication 505, Tax Withholding and Estimated Tax, at 10 (Rev. December 1997 ed.).  Petitioner's argument that respondent should have taken into account his claimed 10 exemptions based on an awareness of petitioner's Form W-4 declaration is misplaced.

Petitioner is entitled to a deduction for at least one exemption for himself pursuant to section 151(b).  In addition, an exemption is also allowed for each dependent.  In cases where a joint return is not filed, an additional exemption is permitted for a spouse only if the spouse does not have any gross income and "is not the dependent of another taxpayer".  Sec. 151(b).  In order for a "son or daughter of the taxpayer" to be considered a dependent for 1997, the child must receive over half of his or her support from the taxpayer during the 1997 taxable year.  Section 152(a)(1).  If the child's income for 1997 exceeded $2,650, the child must also be under age 20 or a student under age 24 at December 31, 1997.  Sec. 151(c)(1).

However, no exemption is allowed for any individual unless a Taxpayer Identification Number (TIN) for the individual is provided on the return claiming the exemption.  Sec. 151(e).[3]

_____

[3] Sec. 151(e) provides:

SEC. 151 (e).  Identifying Information Required.--
No exemption shall be allowed under this section with
respect to any individual unless the TIN of such
individual is included on the return claiming the
(continued...)

A TIN is the identifying number of the individual as issued for social security account purposes.  Secs. 6109(d), 7701(a)(41).

Petitioner did not provide any information as to the gross income or the filing status of his spouse.  Thus, we cannot conclude that petitioner should be permitted an exemption deduction for his spouse.  Similarly, petitioner failed to provide not only the names and qualifying information of the individuals he claims as dependents, but he also neglected to furnish any TINs.  Accordingly, petitioner is not allowed exemptions for any dependents or his spouse; petitioner is entitled to a single exemption for himself.

E. <u>Standard Deduction</u>

An individual who does not elect to itemize his deductions is entitled to the standard deduction.  Sec. 63(b).  An individual may itemize his deductions for a particular taxable year by electing to do so under section 63(e).  However, an individual must make the election on the taxpayer's return in order for itemization to be permitted.  Sec. 63(e)(2).

Petitioner did not file a tax return.  Therefore, petitioner could not have made an election to itemize his deductions. Absent a valid election to itemize deductions, petitioner is entitled only to the standard deduction.

---

[3](...continued)
exemption.

III. Constitutionality of the Filing Requirement

Our tax system, the Code, and the Tax Court have been firmly established as constitutional. Crain v. Commissioner, 737 F.2d 1417, 1417-1418 (5th Cir. 1984); Ginter v. Southern, 611 F.2d 1226, 1229 (8th Cir. 1979). Furthermore, each of petitioner's specific constitutional arguments has been resoundingly rejected by the courts. See, e.g., 4th Amendment--Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982) ("Requiring taxpayers, who institute civil proceedings protesting deficiency notices, to produce records or face dismissal constitutes no invasion of privacy or unlawful search and seizure");[4] 5th Amendment--United States v. Sullivan, 274 U.S. 259, 263 (1927) (ruling that taxpayers cannot use the Fifth Amendment to "refuse to make any return at all");[5] 9th Amendment--Tingle v. Commissioner, 73 T.C. 816, 816 (1980)(ruling that the Ninth Amendment was "not intended to abridge the specific power of

---

[4] Boyd v. United States, 116 U.S. 616 (1886), relied on by petitioner, is inapplicable in that the case dealt exclusively with a criminal, rather than a civil, matter. See also Mapp v. Ohio, 367 U.S. 643 (1961)(same); Weeks v. United States, 232 U.S. 383 (1914)(same).

[5] In order for an individual to claim the applicability of the privilege against self-incrimination, there must be a "real and appreciable danger" from the "substantial hazards of self incrimination", and the individual must have "reasonable cause to apprehend [such] danger from a direct answer to questions posed to him". Neff v. Commissioner, 615 F.2d 1235, 1239 (9th Cir. 1980) (quoting Hoffman v. United States, 341 U.S. 479, 486 (1951)).

Congress to lay and collect taxes from whatever source derived"); 13th Amendment--<u>Kasey v. Commissioner</u>, 457 F.2d 369, 370 (9th Cir. 1972)(ruling that there was no merit to the argument that the "record keeping requirements and the requirement that taxpayers shall prepare and file their tax returns, as established by the Internal Revenue Code and the Internal Revenue Service, violate their privilege against self-incrimination under the Fifth Amendment and amount to involuntary servitude, prohibited by the Thirteenth Amendment") affg. 54 T.C. 1642 (1970); 16th Amendment--<u>Abrams v. Commissioner</u>, 82 T.C. 403, 406-407 (1984)("The Federal income tax laws are constitutional. * * * The whole purpose of the 16th Amendment was to relieve all income taxes when imposed * * * from a consideration of the source whence the income was derived").

IV. <u>Additions to Tax</u>

Respondent bears the "burden of production in any court proceeding with respect to the liability of any individual for any * * * addition to tax". Sec. 7491(c). To meet this burden, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty or addition to tax. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001). In instances where an exception to the penalty or addition of tax is afforded upon a showing of reasonable cause, the taxpayer bears the burden of showing such cause. <u>Id.</u> at 447.

Respondent also has the burden of proof with respect to any increases in amount over those shown in the notice of deficiency. Rule 142(a).

Section 6651(a) provides that there will be a 5-percent addition to tax for each month the return is late, not to exceed 25 percent in the aggregate, imposed upon a taxpayer for failure to file a tax return or pay tax, unless such failure to file is due to reasonable cause and not due to willful neglect.  Although not defined in the Code, "reasonable cause" is viewed in the applicable regulations as the "exercise of ordinary business care and prudence".  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs; see also United States v. Boyle, 469 U.S. 241, 246 (1985).  "Willful neglect" can be interpreted as a "conscious, intentional failure or reckless indifference."  United States v. Boyle, supra at 245. Based on the record in this case, we conclude that respondent's relevant burdens of production and proof have been met, and petitioner has not provided any evidence that his failure to file was due to reasonable cause.  Therefore, the Court sustains the imposition of an addition to tax under section 6651(a)(1).

Section 6654(a) provides for an addition to tax for failure to pay estimated income tax where there has been an underpayment of estimated taxes by a taxpayer.  Since the Court finds that petitioner's situation does not fall within any of the specified

exceptions under section 6654(e), petitioner also is liable for this addition to tax.

## V.   Section 6673 Penalty

Section 6673 allows this Court to award a penalty to the United States in an amount not in excess of $25,000 for proceedings instituted by the taxpayer primarily for delay or for proceedings in which the taxpayer's position is frivolous or groundless.  "A petition to the Tax Court, or a tax return, is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)(imposing penalties on taxpayers who made frivolous constitutional arguments in opposition to the income tax).  Courts have ruled that constitutional defenses to the filing requirement, such as petitioner presents, are groundless and wholly without merit.  Ginter v. Southern, 611 F.2d 1226, 1229 (8th Cir. 1979); see also Williams v. Commissioner, T.C. Memo. 1999-277 (imposing section 6673 penalty for tax protester arguments); Morin v. Commissioner, T.C. Memo. 1999-240 (imposing section 6673 penalty for tax protester arguments); Sochia v. Commissioner, T.C. Memo. 1998-294 (imposing section 6673 penalty for filing frivolous appeals).

> Groundless litigation diverts the time and energies of judges from more serious claims; it imposes needless costs on other litigants.  Once the legal system has resolved a claim, judges and lawyers must move on to other things. They cannot endlessly rehear stale arguments.  Both appellants say that the penalties stifle their right to

> petition for redress of grievances.  But there is no constitutional right to bring frivolous suits, see <u>Bill Johnson's Restaurants, Inc. v. NLRB</u>, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983).  People who wish to express displeasure with taxes must choose other forums, and there are many available. * * * [<u>Coleman v. Commissioner</u>, <u>supra</u> at 72.]

The Court is satisfied that a penalty in this case is appropriate, and, therefore, chooses to exercise its discretion sua sponte under section 6673(a)(1) in requiring petitioner to pay a penalty in the amount of $1,000 to the United States.

To reflect the foregoing,

<u>An appropriate decision will be entered for respondent with respect to the deficiency and additions to tax under sections 6651(a)(1) and 6654 and imposing a penalty under 6673(a)(1) and to reflect concessions made by respondent, for petitioner with respect to additions to tax under section 6651(a)(2).</u>