T.C. Memo. 2008-141


UNITED STATES TAX COURT


DAVID JAHN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6162-07.                    Filed May 21, 2008.


David R. Jahn, pro se.

<u>Carrie L. Kleinjan</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  The issues for decision are whether petitioner is entitled to itemized deductions relating to 2004

and whether petitioner is liable for section 6651(a)(1)[1] and (2) and section 6654(a) additions to tax.

FINDINGS OF FACT

In 2004, petitioner received $96,990 of wages and $2,280 of rental income from Project Control Specialists, Inc., which withheld Federal income tax of $14,407. Petitioner, who was married and had not filed an income tax return for several years, did not file an income tax return relating to 2004. For that year, respondent prepared a substitute for return (SFR) which set forth gross income of $99,271, withholdings of $14,407, married filing separate status, one personal exemption, and the standard deduction. On December 11, 2006, respondent sent petitioner a notice of deficiency relating to 2004 and determined a deficiency of $20,647 and additions to tax of $1,404, $562, and $133 pursuant to section 6651(a)(1) and (2) and section 6654(a), respectively.

On January 30, 2007, petitioner, while residing in Pennsylvania, filed his petition with the Court.

OPINION

Petitioner contends that he is entitled to itemized deductions relating to 2004. We disagree. A taxpayer must file

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

a return in order to elect to itemize deductions. See sec. 63(e)(2). Yet, petitioner did not file a return relating to 2004. Accordingly, we sustain respondent's determination relating to the deficiency.

Respondent also determined that petitioner is liable for additions to tax for failure to file a return pursuant to section 6651(a)(1), failure to timely pay the amount shown on a return pursuant to section 6651(a)(2), and failure to pay estimated income tax pursuant to section 6654(a). Paragraphs (1) and (2) of section 6651(a) provide, respectively, that a taxpayer shall be subject to additions to tax for failure to timely file a return and failure to timely pay the amount shown on a return, unless it is shown that such failure was due to reasonable cause and not willful neglect. Pursuant to section 7491(c), respondent bears the burden of production relating to the section 6651(a)(1) and (2) additions to tax. Respondent established that petitioner failed to timely file his return and failed to timely pay the amount shown on the 2004 SFR respondent prepared pursuant to section 6020(b). See Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), affd. 521 F.3d 1289 (10th Cir. 2008); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Petitioner's failure to timely file the return and timely pay the amount shown on the 2004 SFR was a result of willful neglect and not reasonable

cause.  Accordingly, respondent's determinations relating to the section 6651(a)(1) and (2) additions to tax are sustained.

Unless one of the section 6654(e) exceptions applies, a section 6654(a) addition to tax is imposed when estimated tax payments, through withholdings or estimated quarterly payments, do not equal the percentage of total liability required to be paid pursuant to the statute.  Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).  Because petitioner did not file a 2003 or 2004 return, petitioner was required to make an estimated tax payment equal to 90 percent of his 2004 tax liability.  See sec. 6654(d)(1)(B).  Petitioner's 2004 tax liability was $20,647.  Thus, petitioner was required to make an estimated tax payment of $18,582 in 2004.  Petitioner's employer, however, withheld only $14,407, and petitioner did not make any other estimated tax payments relating to 2004.  Accordingly, petitioner is liable for the section 6654(a) addition to tax.  Pursuant to section 6654(g), petitioner is entitled to a credit for the Federal income taxes withheld from his wages.  See Bagby v. Commissioner, 102 T.C. 596, 613 (1994).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

                                    <u>Decision will be entered</u>

<u>under Rule 155</u>.