T.C. Memo. 2012-213

UNITED STATES TAX COURT

MARK WILLIAM MURRAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2823-11.                    Filed July 25, 2012.

Mark William Murray, pro se.

<u>Carrie L. Kleinjan</u> and <u>Kirsten E. Brimer</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  Respondent determined a deficiency and additions to tax

with respect to petitioner's Federal income tax:

| Year | Deficiency | Additions to Tax Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
|------|-----------|------------------|-----------------|--------------|
| 2006 | $9,234 | $2,077.65 | [1]$1,846.80 | $436.94 |

[1]The amount of any addition to tax pursuant to sec. 6651(a)(2) shall be determined pursuant to sec. 6651(a)(2), (b), and (c). The statutory ceiling on the amount of the addition to tax was reached after the notice of deficiency was mailed to petitioner on November 1, 2010. On brief respondent asserts the final amount of the addition to tax under sec. 6651(a)(2) is $2,308.50.

The issues for decision are: (1) whether a distribution of $59,138.78 from an individual retirement account (IRA) is includable in petitioner's gross income; (2) whether petitioner is entitled to a theft loss deduction; (3) whether petitioner received interest income of $20; and (4) whether petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654.[1]

## FINDINGS OF FACT

At trial respondent lodged a stipulation of facts because petitioner refused to sign the stipulation. By order dated February 7, 2012, we deemed the matters contained in respondent's proposed stipulation to be established for purposes of this case, and the attached exhibits were received into evidence pursuant to Rule 91(f).

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

At the time the petition was filed, petitioner resided in New Jersey.

Petitioner's mother, Catherine A. Murray, had an IRA with Morgan Stanley Smith Barney (Morgan Stanley). Petitioner's mother died in 2005. On July 7, 2006, Morgan Stanley distributed the remaining balance of $59,138.78 from Catherine Murray's IRA to petitioner. The check from Morgan Stanley was made payable to petitioner.

On January 12, 2007, Morgan Stanley issued to petitioner a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for 2006 reporting a taxable distribution of $59,138.78.

Petitioner failed to file a Federal income tax return for 2006. In 2010 respondent prepared a substitute for return (SFR) for 2006 on the basis of information returns filed by third-party payors with the Internal Revenue Service, determining the same tax as shown on the notice of deficiency.

On November 1, 2010, respondent issued to petitioner a notice of deficiency for 2006. Petitioner timely filed a petition disputing the determinations in the notice of deficiency.

## OPINION

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are in error.[2] See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Issue 1.  Distribution from IRA

Petitioner argues that the distribution from his mother's IRA is an inheritance and should not be taxable.  Respondent contends that the distribution from Catherine Murray's IRA was properly included in petitioner's gross income.

Generally, any amount paid or distributed out of an individual retirement plan is includable in the payee's or distributee's gross income as provided in section 72.  Sec. 408(d)(1); Arnold v. Commissioner, 111 T.C. 250, 253 (1998).  However, section 408(d)(3) provides that a distribution is not includable in gross income if the entire amount of the distribution received by an individual is paid into an IRA or other eligible retirement plan within 60 days of the distribution.  See Schoof v. Commissioner, 110 T.C. 1, 7 (1998).  This recontribution is known as a "rollover contribution".  Sec. 408(d)(3).

---

[2]In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under sec. 7491(a).  However, petitioner has not argued that the burden of proof should shift to respondent, nor has he produced credible evidence as required by sec. 7491(a)(1).  Therefore, we hold that the burden of proof does not shift to respondent.

Rollover treatment is not available in the case of an inherited IRA. Sec. 408(d)(3)(C). An IRA is treated as inherited for purposes of section 408(d)(3)(C) if the individual for whose benefit the account is maintained acquired that account by reason of the death of another individual who was not his spouse. Sec. 408(d)(3)(C)(ii); see Jankelovits v. Commissioner, T.C. Memo. 2008-285, 2008 Tax Ct. Memo LEXIS 286, at *4. The IRA petitioner inherited from his mother qualifies as an "inherited IRA" under section 408(d)(3)(C)(ii).

Rev. Rul. 78-406, 1978-2 C.B. 157, provides that the direct transfer of funds from one IRA trustee to a new IRA trustee which involves no payment or distribution of funds to the IRA participant is not a rollover contribution because the funds are not within the direct control or use of the participant.[3] Thus, Rev. Rul. 78-406, supra, indicates that a trustee-to-trustee transfer which otherwise meets the requirements of the revenue ruling is not a taxable transaction because no amount is treated as distributed out of an IRA. Crow v. Commissioner, T.C. Memo. 2002-178, 2002 Tax Ct. Memo LEXIS 183, at *8; see Jankelovits v. Commissioner, 2008 Tax Ct. Memo LEXIS 286, at *4-5.

---

[3]We note that, although entitled to consideration, revenue rulings are not precedent. Dixon v. United States, 381 U.S. 68, 73 (1965).

The proceeds of his mother's IRA were distributed directly to petitioner. Petitioner did not transfer the funds into another IRA or other eligible retirement plan. As a result, the distribution from the IRA is included in petitioner's gross income under section 408(d)(1).

Petitioner argues that he received the IRA as an inheritance and therefore it is nontaxable. Section 102(a) provides that gross income does not include the value of property acquired by, inter alia, inheritance. While an inheritance is generally acquired tax free under section 102(a), distributions from inherited IRAs to beneficiaries are included in the gross income of beneficiaries. See Estate of Kahn v. Commissioner, 125 T.C. 227, 231-232 (2005) (citing sections 408(d)(1) and 691(a)(1)(B)); Jankelovits v. Commissioner, 2008 Tax Ct. Memo LEXIS 286, at *5. Therefore, the distribution petitioner received from his mother's IRA is not excludable from gross income under section 102(a).

Issue 2. Theft Loss

Petitioner claims he is entitled to a theft loss deduction of $30,000. Petitioner alleges that police from the State of Oklahoma stole $30,000 from him. Respondent contends that even if the alleged theft loss occurred petitioner is not entitled to a theft loss deduction because he did not file a Federal income tax return for 2006.

Section 165(c)(3) allows an itemized deduction to an individual for losses of property that arise from theft. Section 63(e)(1) provides that unless a taxpayer makes an election for the taxable year, no itemized deductions shall be allowed for the taxable year. Section 63(e)(2) requires that the election to itemize deductions "be made on the taxpayer's return".

We have held that taxpayers must file a return in order to elect to itemize deductions. See Jahn v. Commissioner, T.C. Memo. 2008-141, 2008 Tax Ct. Memo LEXIS 141, at *2, aff'd, 392 Fed. Appx. 949, 950 (3d Cir. 2010); Brunner v. Commissioner, T.C. Memo. 2004-187, 2004 Tax Ct. Memo LEXIS 193, at *10, aff'd, 142 Fed. Appx. 53 (3d Cir. 2005). If a taxpayer does not file a tax return and, as a result, the Commissioner prepares an SFR, then the taxpayer may not claim itemized deductions. See Jahn v. Commissioner, 2008 Tax Ct. Memo LEXIS 141, at *3; Maxwell v. United States, 80 F. Supp. 2d 1352, 1354 (N.D. Ga. 1999).

Petitioner did not file a Federal income tax return for 2006. Accordingly, respondent prepared an SFR on behalf of petitioner. As a result of not filing his 2006 Federal income tax return, petitioner is not allowed to claim an itemized deduction for theft loss.

Issue 3.  Interest Income

Respondent determined that petitioner had $20 of interest income for 2006. Gross income includes amounts received as interest payments.  Sec. 61(a)(4).  As petitioner presented no evidence on this issue, we sustain respondent's determination.

Issue 4.  Additions to Tax

Burden of Proof

Respondent determined that petitioner is liable for additions to tax pursuant to sections 6651(a)(1) and (2) and 6654.  Respondent has the burden of production with respect to these additions to tax.  See sec. 7491(c).  To meet this burden, respondent must produce evidence showing that the additions to tax are appropriate. See id.; Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once respondent satisfies this burden, petitioner has the burden of proof with respect to exculpatory factors such as reasonable cause.  See Higbee v. Commissioner, 116 T.C. at 446-447.

Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax when a taxpayer fails to file a timely return unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.  The addition to tax is equal to 5% of the amount

required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent. Id.

Petitioner did not file a Federal income tax return for 2006. Thus, we find that respondent has met his burden of production. Petitioner has not provided any evidence indicating that his failure to file a return was due to reasonable cause. Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(1) and sustain respondent's determination as set forth in the notice of deficiency.

Section 6651(a)(2)

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount of tax shown on a return, unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The addition is calculated as .5% of the amount shown as tax on the return but not paid, with an additional .5% for each month or fraction thereof during which the failure to pay continues, up to a maximum of 25%.[4] Sec. 6651(a)(2).

---

[4]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition to tax under sec. 6651(a)(1) for any month for which an addition to tax applies under both paragraphs. Sec. 6651(c)(1).

Under section 6020(b), when a taxpayer fails to file a return required by law, the Commissioner (acting for the Secretary of the Treasury) may make a return from such information as it can obtain. Under section 6651(g)(2), any return so made is treated as the taxpayer's return for purposes of determining the amount of the addition under section 6651(a)(2).

Petitioner failed to file a Federal income tax return for 2006. Pursuant to section 6651(g)(2) the SFR made by respondent is treated as petitioner's tax return. Petitioner failed to pay the amount of tax shown on his SFR for 2006. Therefore, respondent has met his burden of production. Petitioner has not provided any evidence indicating that his failure to pay was due to reasonable cause. Accordingly, we find that petitioner is liable for the addition to tax under section 6651(a)(2) and sustain respondent's determination.

Section 6654

Section 6654(a) imposes an addition to tax when a taxpayer fails to pay a required installment of estimated income tax. Each required installment is equal to 25% of the required annual payment. Sec. 6654(d)(1)(A). The required annual payment is equal to the lesser of (1) 90% of the tax shown on the return for the taxable year (or, if no return is filed, 90% of the tax for that year), or (2) 100% of the tax shown on the return, if any, for the preceding taxable year. Sec.

6654(d)(1)(B). Petitioner did not file Federal income tax returns for the taxable years 2005 and 2006. Therefore, petitioner's required annual payment for 2006 was 90% of the tax for that year. See id.; Missall v. Commissioner, T.C. Memo. 2008-258, 2008 Tax Ct. Memo LEXIS 254, at *7-8. Respondent has met his burden of production for the section 6654 addition to tax.

The "section 6654 addition to tax is mandatory unless the taxpayer establishes that one of the exceptions in section 6654(e) applies." Verduzco v. Commissioner, T.C. Memo. 2010-278, 2010 Tax Ct. Memo LEXIS 318, at *12 (citing Recklitis v. Commissioner, 91 T.C. 874, 913 (1988)). Petitioner has not shown that any of the statutory exceptions under section 6654(e) applies. Accordingly, we find that petitioner is liable for the addition to tax under section 6654 and sustain respondent's determination as set forth in the notice of deficiency.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.