**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1023
_____

C. TATE GEORGE,
Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(Tax Court No. 26045-15)
Tax Court Judge: Honorable James S. Halpern

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 13, 2020
Before: MCKEE, SHWARTZ and PHIPPS, Circuit Judges

(Opinion filed September 17, 2020)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant C. Tate George appeals the United States Tax Court's order granting summary judgment to the Commissioner of Internal Revenue. We will summarily affirm.

George is a former professional basketball player, serving a prison sentence imposed after he was convicted in 2013 of wire fraud in connection with a Ponzi scheme. George spent all of 2013 incarcerated. The same year, at age 45, he received a National Basketball Association pension distribution of $208,111. The bank that processed the distribution withheld $41,622 of income tax from the distribution. George did not file a Federal income tax return for 2013, so the Internal Revenue Service ("IRS") filed a return on his behalf.

The IRS concluded that George had an unpaid tax balance for 2013 of $28,696, based on the following. The entirety of his 2013 income was considered to be his pension distribution of $208,111. He was assumed to have a filing status of single, which resulted in a standard deduction of $6,100 and a personal exemption of $3,900, which resulted in taxable income of $198,111. The IRS assumed an income tax of $49,507, plus a 10% additional tax for an early pension distribution of $20,811. These two amounts combined resulted in a tax liability for 2013 of $70,318. The IRS subtracted the $41,622 withheld by the processing bank to arrive at the unpaid balance of $28,696. The IRS also concluded that George was liable for additional sums of $6,457 for his failure to

2

file a return, see 26 U.S.C. § 6651(a)(1), and $2,396, for his failure to pay the amount of tax shown on the return prepared by the IRS, see § 6652(a)(2).

George challenged the deficiency in the Tax Court, arguing that he was unable to file a tax return for 2013 because of his incarceration, that all taxes owed for the pension distribution were withheld by the NBA Pension Office, and that satisfying the deficiency would be a hardship on him and his family. The IRS moved for summary judgment. George opposed summary judgment, contending that his incarceration left him unable to access necessary documentation to substantiate deductions. In September 2019, the Tax Court entered an order and decision granting the IRS's motion for summary judgment and sustaining the determination made by the IRS. George timely appealed from that order.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a) and exercise plenary review over the Tax Court's entry of summary judgment. See Conn. Gen. Life Ins. Co. v. Comm'r, 177 F.3d 136, 143 (3d Cir. 1999). Rule 121(b) of the Tax Court Rules of Practice and Procedure provides that summary judgment is appropriate where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Craig v. Comm'r, 119 T.C. 252, 259–60 (2002). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The Tax Court did not err here. The Commissioner presented unrebutted evidence of George's tax deficiency and that he is subject to additions of tax due to his failure to file returns and pay his tax liability.

George's arguments regarding itemized deductions are meritless. "Unless an individual makes an election under [§ 63(e)] . . . , no itemized deduction shall be allowed for the taxable year." 26 U.S.C. § 63(e)(1). Such an election "shall be made on the taxpayer's return." Id. § 63(e)(2). Thus, the Internal Revenue Code's statutory language makes clear that, absent a filed return that makes the appropriate election, a taxpayer is not entitled to itemize. See Maxwell v. United States, 80 F. Supp. 2d 1352, 1353-54 (N.D. Ga. 1999). Furthermore, as noted by the Tax Court, George failed to so much as identify or describe a single expenditure that would qualify for a deduction or credit.

George's arguments regarding additional taxes for failing to file a return or pay taxes are likewise meritless. A taxpayer who wishes to avoid additional taxes for failing to file a tax return or pay taxes "must make an affirmative showing of all facts alleged as a reasonable cause for his failure to file such return or pay such tax on time." 26 C.F.R. § 301.6651-1(c)(1). A taxpayer's "failure to pay will be considered to be due to reasonable cause to the extent that the taxpayer has made a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship . . . if he paid on the due date." Id. As noted by the Tax Court, although George

4

pointed generally to his incarceration as causing his failure to file his 2013 tax return, he put forth no explanation or evidence for why he could not timely file his return, nor did he seek an extension to do so. He did not put on a showing that he "exercised ordinary business care and prudence in providing for payment of his tax liability." Id. Similarly, although he generally asserted a hardship on him and his family, he put forth no specific facts in that regard either.

Finding no substantial question raised by this appeal, we will summarily affirm the District Judge's order granting the IRS's motion for summary judgment. 3d Cir. LAR 27.4 and I.O.P. 10.6.