T.C. Memo. 2008-258

UNITED STATES TAX COURT

KRIS A. MISSALL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26642-07.          Filed November 17, 2008.

Kris A. Missall, pro se.

<u>Heidi I. Hansen</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  This case is before us to redetermine deficiencies in, and additions to, tax determined by respondent. Respondent has moved for summary judgment and to impose a penalty

under section 6673 (the motion).[1]  Petitioner objects (the response).  We shall grant the motion in both respects.  We shall also strike this case from the trial session of the Court set to begin December 2, 2008, in Phoenix, Arizona, and enter a decision for respondent.

This Court may grant summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b).  In pertinent part, Rule 121(d) provides:  "When a motion for summary judgment is made and supported * * *, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response * * * must set forth specific facts showing that there is a genuine issue for trial."

In support of his request for summary judgment, respondent sets forth the following facts with respect to his determinations, which facts petitioner does not contest and which we shall take as true for purposes of disposing of the motion.  By notice of deficiency dated August 1, 2007, respondent determined deficiencies in, and additions to, tax as follows:

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

| | | Additions to Tax | | |
|-------|------------|----------------|----------------|----------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2002 | $37,869 | $8,520.53 | $9,467.25 | $1,265.50 |
| 2003 | 40,298 | 9,067.05 | To be determined | 1,054.63 |
| 2004 | 8,925 | 2,008.13 | To be determined | 259.07 |

By the amended petition, petitioner assigns error to respondent's determinations, claiming only that he is exempt from Federal income tax.

In further support of his request for summary judgment, respondent relies on a declaration of Jeanne M. Bechtold (the declaration), a tax compliance officer employed by the Internal Revenue Service (IRS) in its Phoenix, Arizona, office. Ms. Bechtold attests to the authenticity of 14 exhibits (Exs. 1 through 14) attached to the declaration. Exhibits 6 through 8 consist of the Information Returns Processing File On-Line Transcripts (IRPs) for petitioner for taxable years 2002 through 2004. The 2002 IRP shows that petitioner had self-employment compensation from Water Resources International, Inc., of $114,378. The 2003 and 2004 IRPs show that petitioner had self-employment compensation from Arizona Environmental Progress, Inc., of $126,913 and $37,329, respectively. Exhibits 2 through 5 consist of Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters. The Forms 4340 show that petitioner

failed to file Federal income tax returns for 2001, 2002, 2003, and 2004.

Petitioner does not challenge the declaration except with respect to the accuracy of the amounts of self-employment income derived from the IRPs. Petitioner states: "The figures used in * * * [the section of the motion entitled 'Applicability of Income Tax'] are inaccurate." Petitioner neither denies that he received self-employment income nor states to what extent the figures are inaccurate. Petitioner has not carried his burden under Rule 121(d) of showing that there is a material issue of fact in dispute with respect to the claim in the declaration that he received self-employment income in the amounts set forth therein. See generally Thorpe v. Commissioner, T.C. Memo. 1997-342 (granting partial summary judgment where taxpayer failed to come forward with any evidence of specific amounts excludable from gross income as damages received on account of personal injuries or sickness). We accept the facts set forth in the declaration as true for purposes of disposing of respondent's request for summary judgment. Respondent has established that petitioner failed to report income in the amounts stated in the declaration for the years in issue and failed to file returns for those years.

Petitioner's only defense to respondent's determinations is his claim that he is exempt from Federal income tax. Petitioner

cites nothing persuasive in support of that claim. In one of the documents received by the IRS and attached to the declaration petitioner asserts that he is a "Utah Sole Corporation" "exempt from Federal Income Tax under Section 501(d) of the Internal Revenue code". Section 501(d) applies to "Religious or apostolic associations or corporations". Petitioner has shown nothing to support the claim that he is an organization of any kind. Nor is there any merit to petitioner's implied claim in the response that compensation for labor is not subject to tax. Section 61 provides in part: "(a) General Definition--. Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, fringe benefits, and similar items". In United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981), the Court of Appeals said: "Compensation for labor or services, paid in the form of wages or salary, has been universally, [sic] held by the courts of this republic to be income, subject to the income tax laws currently applicable." Petitioner claims that he has "many more court cases regarding my position showing just the opposite is true", yet petitioner cites neither cases nor other persuasive authority in support of that claim. Thus, petitioner has made no legal argument that precludes summary judgment in

respondent's favor with respect to the deficiencies in tax determined by respondent.

The Commissioner bears the burden of production with respect to penalties and additions to tax. Sec. 7491(c). Notwithstanding that petitioner did not specifically assign error to respondent's determinations of additions to tax under sections 6651 and 6654, respondent has carried that burden. Section 6651(a)(1) imposes an addition to tax when a taxpayer fails to file a timely return. The amount of the addition is equal to 5 percent of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25 percent for returns more than 4 months delinquent. Respondent offered uncontroverted evidence that petitioner failed to file Federal income tax returns for the 3 years in issue (i.e., 2002, 2003, and 2004). Because the returns for these years are all more than 4 months late, section 6651(a)(1) imposes on petitioner the maximum 25-percent addition to tax for each year.

Section 6651(a)(2) imposes an addition to tax when a taxpayer fails to pay the amount of tax shown on a return by the prescribed date. The amount of the addition is equal to 0.5 percent of the tax for each month or fraction thereof during which the tax remains unpaid, up to a maximum addition of 25 percent. Under section 6020(b), when any taxpayer fails to make

any return required by law, the IRS (acting for the Secretary of the Treasury) must make a return from such information as it can obtain.  Under section 6651(g)(2), any return so made is treated as the taxpayer's return for purposes of section 6651(a)(2).  Respondent offered uncontroverted evidence that petitioner failed to pay any Federal income tax for the 3 years in issue.  Because the IRS made a return for each year pursuant to section 6020(b), section 6651(a)(2) imposes on petitioner an addition to tax for each year.

Section 6654 imposes an addition to tax when a taxpayer fails to pay a required installment of estimated income tax.  Each required installment is equal to 25 percent of the required annual payment.  Sec. 6654(d)(1)(A).  The required annual payment is the lesser of (1) 90 percent of the tax shown on the return for the taxable year (or, if the taxpayer filed no return, 90 percent of the tax for that year), or (2) 100 percent of the tax shown on the return, if any, for the preceding taxable year.  Sec. 6654(d)(1)(B).  Respondent offered uncontroverted evidence that petitioner failed to file a return for every year in issue and for every year preceding a year in issue.  Thus, petitioner's required annual payment for each year in issue was 90 percent of the tax for that year.  Because petitioner failed to pay any Federal income tax for the 3 years in issue, section 6654 imposes on petitioner an addition to tax for each year.

Under section 6673(a)(1)(A) and (B), this Court may require a taxpayer to pay a penalty not in excess of $25,000 if (1) the taxpayer has instituted or maintained a proceeding primarily for delay or (2) the taxpayer's position is "frivolous or groundless". We can see no reason for this case other than delay. Moreover, petitioner's whole case is groundless, and his arguments are frivolous. A taxpayer's position is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. E.g., Nis Family Trust v. Commissioner, 115 T.C. 523, 544 (2000). Petitioner has offered no plausible argument that he is exempt from Federal income tax; indeed, his arguments employ familiar tax-protester rhetoric that has been universally rejected by this and other courts. See, e.g., Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); Williams v. Commissioner, 114 T.C. 136 (2000). Petitioner has failed to report substantial amounts of income for 3 years and deserves a substantial penalty for initiating this proceeding. We shall, therefore, require petitioner to pay a penalty under section 6673(a)(1) of $5,000.

An appropriate order will be issued, and decision will be entered under Rule 155.