T.C. Memo. 2008-283


UNITED STATES TAX COURT



NATALYA GUTERMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5935-07.              Filed December 17, 2008.



        P and her husband jointly filed a 2004 Federal income
tax return in July 2007.  R had already determined a
deficiency in P's Federal income tax for 2004 as well as
additions to tax pursuant to secs. 6651(a)(1) and (2) and
6654(a), I.R.C.

        <u>Held</u>: P is liable for the deficiency and all of the
additions to tax.



Natalya Guterman, pro se.

<u>Brooke S. Laurie</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on a petition for redetermination of a deficiency in Federal income tax and additions to tax that respondent determined for petitioner's 2004 tax year.  All issues related to the deficiency were stipulated orally at trial and in a stipulation of settled issues filed at the start of trial.  In her brief, petitioner concedes that she is liable for an addition to tax under section 6654(a)[1] for failing to make estimated tax payments.  The issues remaining for decision are whether petitioner is liable for additions to tax under section 6651(a)(1) and (2).

### FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are hereby incorporated by reference into our findings.

Petitioner timely filed a Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, for the 2004 tax year.  Respondent granted an extension until August 15, 2005.  Thereafter, petitioner timely filed a Form 2688, Application for Additional Extension of Time To File

---

[1]All section references are to the Internal Revenue Code of 1986, as amended and in effect for the tax year at issue.  The Rule reference is to the Tax Court Rules of Practice and Procedure.

U.S. Individual Income Tax Return. Respondent granted an additional extension until October 15, 2005.

Petitioner made a $25,000 tax payment on October 24, 2005, but she did not file a return. On December 11, 2006, respondent issued petitioner a notice of deficiency. Among other things, respondent indicated that she was liable for a $2,598.52 addition to tax under section 6651(a)(1) for failing to file a timely return and a $1,039.41 addition to tax under section 6651(a)(2) for failing to make timely tax payments.

Petitioner filed the petition in this case on March 12, 2007. She resided in California at that time. On July 31, 2007, she submitted with her husband, Mikhail Guterman, a joint Form 1040, U.S. Individual Income Tax Return, for 2004. Although respondent's notice of deficiency had been based solely on petitioner's income and deductions, the joint return included her husband's income and deductions as well. Petitioner made additional tax payments when she filed the return and thereafter.

After considering petitioner and her husband's joint return, respondent filed an amendment to answer on February 25, 2008, asserting an increased total deficiency. Respondent also indicated that the addition to tax under section 6651(a)(1) should be increased to $14,606.55 and that the addition to tax under section 6651(a)(2) should be increased "to an amount to be computed based on the deficiency and the payments made by

petitioner and petitioner's husband."  A trial was held on March 17, 2008, in San Francisco, California.

OPINION

I.  Burden of Production

Pursuant to section 7491(c), the Commissioner has the burden of production with respect to a taxpayer's liability for additions to tax.  To meet that burden, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the relevant addition to tax.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

II.  Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return.  The amount of the addition is equal to 5 percent of the amount of tax required to be shown on the return for every month or fraction thereof during which such failure continues, up to a maximum of 25 percent.  Id.  When the additions to tax under section 6651(a)(1) and (2) are both applicable in the same month, the amount of the addition to tax under section 6651(a)(1) is reduced to 4.5 percent, so that the total addition to tax does not exceed 5 percent.  Sec. 6651(c).

The section 6651(a)(1) addition to tax is not imposed if the taxpayer proves that the failure to file a timely return is due to reasonable cause and not willful neglect.  Reasonable cause is shown if the taxpayer "exercised ordinary business care and

prudence and was nevertheless unable to file the return within the prescribed time". Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Respondent has met the burden of production with respect to this addition to tax by providing a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, reflecting that petitioner did not file a return for 2004 until July 31, 2007--well beyond the due date. Petitioner concedes that she did not file a timely return but argues that her failure to file was due to reasonable cause, placing most of the blame on Richard Di Bernardo, petitioner and her husband's certified public accountant (C.P.A.), who suffered from an illness and was unable to complete the 2004 return in a timely manner. Citing United States v. Boyle, 469 U.S. 241 (1985), petitioner acknowledges that reliance on an agent does not constitute reasonable cause. She asserts nevertheless that she did not merely rely on Mr. Di Bernardo but, together with her husband, took affirmative steps to ensure that the 2004 return was timely filed. That those steps ultimately proved ineffective, petitioner states, was a result of circumstances beyond her control.

The first of petitioner's affirmative steps was to follow up with Mr. Di Bernardo--by telephone, e-mail, and in person--about the status of the anticipated joint return. Mr. Di Bernardo was unresponsive, though, causing petitioner at one point to file a

missing persons report with the police in an attempt to locate him. Her second step was to attempt to work with another C.P.A., Robert Kaplan. Petitioner asserts that this proved difficult, if not impossible, because her and her husband's records were in Mr. Di Bernardo's possession, had been stolen, or were otherwise unavailable.

Petitioner's third step was to attempt to recreate the necessary records by using bank and credit card statements and hiring a bookkeeper to assist her. It is unclear how successful these efforts were, but they were ultimately unnecessary because at some point petitioner reestablished contact with Mr. Di Bernardo, who completed the 2004 return over a period of months. Petitioner's fourth step was to assist Mr. Di Bernardo in accelerating the completion of the joint return, including letting him work out of her home so he would not have to commute. Despite her assistance, Mr. Di Bernardo testified that his illness caused him to be extremely unproductive. He stated that he nevertheless encouraged petitioner and her husband not to transfer their business to another C.P.A. because of the experience he had preparing their returns.

The measures allegedly taken by petitioner appear at first blush to have been the types of measures that an ordinarily prudent person might have taken in those circumstances. But that is not the end of the matter. Whenever a deadline is involved,

timing becomes a critical factor. If petitioner did not act soon enough, she cannot be said to have exercised ordinary business care and prudence. See, e.g., Robinson's Dairy, Inc. v. Commissioner, 302 F.2d 42, 45 (10th Cir. 1962) (sustaining a penalty under a predecessor to section 6651(a)(1) where the taxpayer relied on an accountant even though the accountant was suffering from a medical condition and was not filing the taxpayer's returns), affg. 35 T.C. 601 (1961). The time for action with respect to section 6651(a)(1) is particularly brief because the maximum addition to tax is imposed if a taxpayer files a return more than 4 months after its due date. See Missall v. Commissioner, T.C. Memo. 2008-258; Klein v. Commissioner, T.C. Memo. 2007-325; see also sec. 6651(c).

There is no indication that petitioner did anything in the time leading up to the October 15, 2005, filing deadline and in the 4 months thereafter to ensure that the 2004 return was timely filed. She appears to have simply waited for Mr. Di Bernardo, which she acknowledges does not constitute reasonable cause. See United States v. Boyle, supra at 251-252. Although she argues that she took affirmative steps to ensure the filing of the 2004 return, her argument is unpersuasive. E-mails from her to Mr. Di Bernardo in 2006 suggest that her affirmative steps occurred well

beyond the period during which she could have acted to avoid an addition to tax under section 6651(a)(1).[2]

Accordingly, petitioner has failed to show that her failure to file was due to reasonable cause.  We will therefore sustain respondent's determination that petitioner is liable for the addition to tax under section 6651(a)(1).

III.  Section 6651(a)(2) Addition to Tax

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount of tax shown on a return.  The amount of the addition is equal to 0.5 percent of the amount of tax shown on the return for every month or fraction thereof during which such failure continues, up to a maximum of 25 percent.  Sec. 6651(a)(2), (c).  "The Commissioner's burden of production with respect to the section 6651(a)(2) addition to tax requires that the Commissioner introduce evidence that a return showing the taxpayer's tax liability was filed for the year in question."

---

[2]In a Mar. 27, 2006, e-mail, petitioner indicated that her husband wanted to start working on the return with Mr. Di Bernardo on Apr. 17, 2006.  E-mails in September 2006 reminded Mr. Di Bernardo that petitioner needed him to begin working on her and her husband's 2003 return and also informed him that she had received a letter from the Internal Revenue Service concerning estimated tax payment penalties related to her 2004 tax year.  On Oct. 6, 2006, petitioner suggested that Mr. Di Bernardo might start working on the 2003 and 2004 returns as early as Oct. 9, 2006.  Finally, in a Nov. 13, 2006, e-mail she expressed frustration with Mr. Di Bernardo's unresponsiveness and threatened to hire another C.P.A. if he did not respond by Nov. 15, 2006.

<u>Wheeler v. Commissioner</u>, 127 T.C. 200, 210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).

The section 6651(a)(2) addition to tax is not imposed if the taxpayer proves that the failure to pay is due to reasonable cause and not willful neglect.  Reasonable cause for failing to pay is shown if the taxpayer "exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship * * * if he paid on the due date."  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Respondent has met the burden of production with respect to the section 6651(a)(2) addition to tax by presenting a Form 4340 reflecting that petitioner filed a return showing her tax liability for 2004 and that petitioner did not timely pay the amount of tax shown on that return.[3]  Petitioner does not dispute this but argues that the failure to pay was due to reasonable cause.  Specifically, she asserts that she did not know how much tax was owed at the time payment was due and believed that her $25,000 payment on October 24, 2005, was sufficient to cover the liability.

---

[3]Although petitioner and her husband filed the 2004 joint return after respondent issued the notice of deficiency for that year, we will not disregard the return in this case.  See <u>Wolcott v. Commissioner</u>, T.C. Memo. 2007-315 n.6 (distinguishing <u>Mendes v. Commissioner</u>, 121 T.C. 308, 324-325 (2003), under similar circumstances).

Petitioner's argument is not persuasive. Petitioner did not know how much tax was owed because she failed to complete the return in a timely manner. As noted above, that failure was not due to reasonable cause but rather to her own lack of diligence. Petitioner's lack of diligence in completing the return cannot constitute reasonable cause for failing to timely pay the tax due. In addition, petitioner has not alleged that she was unable to pay the tax ultimately shown on her late-filed joint return or that she would have suffered undue hardship if she had paid that amount on the due date. Accordingly, we will sustain respondent's determination that petitioner is liable for the section 6651(a)(2) addition to tax.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered under Rule 155.