T.C. Memo. 2011-47

UNITED STATES TAX COURT

TIMOTHY B. DICKEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14196-07.                    Filed February 28, 2011.

Timothy B. Dickey, pro se.

<u>G. Chad Barton</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income taxes and additions to tax as
follows:

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2002 | $62,683 | $14,056.43 | [1] | -- |
| 2003 | 20,746 | 4,667.85 | [1] | $542.93 |
| 2004 | 1,452 | 326.70 | [1] | 42.18 |
| 2005 | 1,181 | 265.73 | [1] | 47.38 |

[1]The amount of any addition to tax under sec. 6651(a)(2) shall be determined pursuant to sec. 6651(a)(2), (b), and (c).

Petitioner does not dispute the deficiency or additions to tax for 2005 in the petition, and respondent has conceded the deficiency and additions to tax for 2004.  Respondent concedes that the pension income petitioner received from the Los Angeles County Employees Retirement Association in 2002 and 2003 is not taxable.

### Background

The parties submitted this case fully stipulated pursuant to Rule 122.[1]  The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference.  At the time the petition was filed, petitioner resided in Oklahoma.

Petitioner did not file timely Federal income tax returns for taxable years 2002 and 2003.  On March 22, 2007, respondent prepared returns under section 6020(b) for petitioner's 2002 and

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.

2003 taxable years.[2]  On March 23, 2007, respondent mailed to petitioner a notice of deficiency.  On November 3, 2008, petitioner provided respondent's counsel with Federal income tax returns for taxable years 2002 and 2003.

The notice of deficiency determined that petitioner received income in 2002 and 2003.  The parties stipulated that petitioner received nonemployee compensation, interest income, proceeds from the sale of stock, cancellation of debt income, and dividend income for taxable years 2002 and 2003 as follows:

### Nonemployee Compensation

| Source | 2002 | 2003 |
|---|---|---|
| American Medical Security, Inc. | $615 | -- |
| Allianz Life Insurance Co. | 3,910 | -- |
| FFP Advisory Services, Inc. | 33,388 | $1,944 |
| FFP Securities, Inc. | 59,758 | -- |
| Clarica Life Insurance Co. | 1,500 | -- |
| Total | 99,171 | 1,944 |

### Interest Income

| Source | 2002 | 2003 |
|---|---|---|
| First Trust Corp. | $308 | -- |
| WNC Housing Tax Credit Fund VLP | 44 | -- |
| Boston Financial Qualified | 48 | $14 |
| Boston Capital Tax Credit Fund IV | 38 | -- |

---

[2]Under sec. 6020(b), when any taxpayer fails to make any return required by law, the Internal Revenue Service (acting for the Secretary of the Treasury) may make a return from such information as it can obtain.

| | 2002 | 2003 |
|---|---|---|
| American Tax Credit Fund VLP | 98 | -- |
| WNC Housing Tax Credit Fund VLP | 20 | -- |
| WNC Housing Credit Fund VILP | 13 | -- |
| Total | 569 | 14 |

### Stock Sale Proceeds

| Source | 2002 | 2003 |
|---|---|---|
| Ultraotc Investor Shares Acct. xxxx1063 | $19,904 | -- |
| Ameritrade Inc. Acct. xxxx9378 | 3,246 | -- |
| First Trust Corp. Acct. ETC2 | 40,016 | -- |
| Pershing LLC Acct. xxxx3942 | -- | $72,190 |
| Total | 63,166 | 72,190 |

### Cancellation of Debt Income

| Source | 2003 |
|---|---|
| Citibank South Dakota NA | $2,628 |
| Bank One Delaware NA | 4,372 |
| Total | 7,000 |

### Dividend Income

| Source | 2002 | 2003 |
|---|---|---|
| General Electric Co. | $186 | $202 |
| Total | 186 | 202 |

In addition, petitioner received and failed to report wages of $4,200 from Nova Financial Group, Inc., and a State tax refund of $496 from the Oklahoma Tax Commission for 2002.

Before the mailing of the notice of deficiency, petitioner's only payment of income tax for 2002 and 2003 was income tax withholding of $210 in 2002. Petitioner is entitled to one

personal exemption for each of the 2002 and 2003 taxable years.
Petitioner's filing status was married filing separate for
taxable year 2002 and single for taxable year 2003.

## Discussion

Petitioner received and failed to timely report total income
of $157,531 and $73,446 for the taxable years 2002 and 2003,
respectively.[3]  Petitioner acknowledged receipt of this income in
the stipulation of facts and in the returns provided to
respondent's counsel in 2008.  Those returns claim certain
deductions and bases in stock that were not allowed in the notice
of deficiency.  Petitioner has failed to provide any evidence to
substantiate these deductions or bases in stock for 2002 and
2003; therefore, we hold that they are not allowable.

Additions to Tax

(a) Section 6651(a)(1)

Section 6651(a)(1) provides for an addition to tax when a
taxpayer fails to file a timely return, unless the taxpayer
establishes that the failure was due to reasonable cause and not
willful neglect.  The addition to tax is equal to 5 percent of
the amount required to be shown as tax on the delinquent return
for each month or fraction thereof during which the return

---

[3]The $157,531 and $73,446 amounts include adjustments
respondent made to petitioner's self-employment adjusted gross
income, standard deduction, and exemptions, in calculating
petitioner's income for 2002 and 2003.

remains delinquent, up to a maximum addition of 25 percent for returns more than 4 months delinquent.  Sec. 6651(a)(1). Petitioner failed to file timely Federal income tax returns for taxable years 2002 and 2003.  Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(1) and sustain respondent's determination as set forth in the notice of deficiency.

(b) Section 6651(a)(2)

Section 6651(a)(2) provides for an addition to tax for failure to timely pay the amount of tax shown on a return, unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.  The addition is calculated as 0.5 percent of the amount shown as tax on the return but not paid, with an additional 0.5 percent for each month or fraction thereof during which the failure to pay continues, up to a maximum of 25 percent.[4]  Sec. 6651(a)(2); see Verduzco v. Commissioner, T.C. Memo. 2010-278.

Under section 6020(b), when any taxpayer fails to make any return required by law, the Internal Revenue Service (acting for the Secretary of the Treasury) may make a return from such

------

[4]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition to tax under sec. 6651(a)(1) for any month for which an addition to tax applies under both paragraphs.  Sec. 6651(c)(1); Verduzco v. Commissioner, T.C. Memo. 2010-278.

information as it can obtain.  Under section 6651(g)(2), any return so made is treated as the taxpayer's return for purposes of section 6651(a)(2).  See Missall v. Commissioner, T.C. Memo. 2008-258.  Therefore, we find that petitioner is liable for the addition to tax under section 6651(a)(2) for taxable years 2002 and 2003.

(c) Section 6654

Section 6654 provides for an addition to tax when a taxpayer fails to pay a required installment of estimated income tax. Each required installment is equal to 25 percent of the required annual payment.  Sec. 6654(d)(1)(A).  The required annual payment is equal to the lesser of (1) 90 percent of the tax shown on the return for the taxable year (or, if the taxpayer filed no return, 90 percent of the tax for that year), or (2) 100 percent of the tax shown on the return, if any, for the preceding taxable year. Sec. 6654(d)(1)(B).  Petitioner failed to file Federal income tax returns for the taxable years 2002 and 2003.  Therefore, petitioner's required annual payment for 2003 was 90 percent of the tax for that year.  See Missall v. Commissioner, supra. Because he failed to pay any Federal income tax for 2003, we find that petitioner is liable for the addition to tax under section 6654 for that year.  See id.

On brief petitioner raised for the first time the issue that respondent erred in calculating the deficiencies by not

considering income reported and "tax paid" on the returns which petitioner submitted after the notice of deficiency was issued.

Where the taxpayer has made no return by the time the Commissioner mails a notice of deficiency, then, for purposes of determining the tax shown on the return, the taxpayer is deemed to have made a return showing zero tax. Mendes v. Commissioner, 121 T.C. 308, 327 (2003). Respondent issued the notice of deficiency on March 23, 2007, and petitioner did not submit his returns to respondent's counsel until November 3, 2008. Therefore, in calculating petitioner's deficiencies, respondent correctly determined the tax shown on petitioner's returns to be zero. See Mendes v. Commissioner, supra. To the extent that any assessments or payments were made after the notice of deficiency was mailed, they can be reflected in the Rule 155 computations.

To reflect the foregoing,

Decision will be entered
under Rule 155.