T.C. Memo. 2010-278


UNITED STATES TAX COURT


MANUEL VERDUZCO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21807-08.               Filed December 20, 2010.


Manuel Verduzco, pro se.

<u>Daniel N. Price</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


THORNTON, <u>Judge</u>:  Respondent determined deficiencies and additions to tax with respect to petitioner's Federal income taxes for taxable years 2001 through 2003, as follows:

| Year | Deficiency | Additions to Tax | | |
| | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| --- | --- | --- | --- | --- |
| 2001 | $59,330 | $7,472 | $8,302 | $1,214 |
| 2002 | 27,779 | 6,250 | 6,945 | 928 |
| 2003 | 21,372 | 3,955 | [1] | 443 |

[1]The notice of deficiency states that this amount will be computed at a later date.

Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years at issue, and Rule references are to the Tax Court Rules of Practice and Procedure. Figures have been rounded to the nearest dollar.

The parties have stipulated that petitioner's deficiencies are $44,803, $12,509, and $11,339 for taxable years 2001, 2002, and 2003, respectively. Respondent has conceded the section 6654 addition to tax for 2001. Therefore, the sole issues remaining for decision relate to petitioner's liability for the other additions to tax.

## FINDINGS OF FACT

The parties have stipulated some facts, which we incorporate by this reference. When he petitioned the Court, petitioner resided in Texas.

Petitioner holds a bachelor's degree in electrical engineering and a master's degree in technology management. He served 12 years in the U.S. Air Force. For part of that time he was deployed in Operation Desert Storm. In 1991 he was honorably discharged.

By 1998 petitioner was director of communications and information systems for the city of Las Cruces, New Mexico, a management position in which he directly supervised three technicians. In 1999 he began working for the Santa Clara Health and Hospital System in San Jose, California, directly managing 5 employees and indirectly supervising about 200 other employees and subcontractors who reported to him. In 2003 petitioner became director of technology services, and later payroll office administrator, for an independent school district in the El Paso area. In addition, since at least 1999 and throughout the years at issue petitioner has been sole proprietor of his own technology consulting business. During the years at issue petitioner was working 14 to 16 hours a day.

In 2000 petitioner's accountant informed him that he was running behind on petitioner's tax paperwork but that he would catch up soon. By May 2001 the accountant informed petitioner that he would no longer be able to maintain petitioner's books because his mother had passed away. Petitioner began to handle his own recordkeeping until, at some unspecified date, he engaged another accountant.

After the events of September 11, 2001, and the commencement of the Afghan war, petitioner began to experience anxiety, for which his doctor prescribed medication. He was never diagnosed with Gulf War illness syndrome or posttraumatic stress disorder.

In June 2003 petitioner's father became very ill and was diagnosed with several medical problems. It was then that petitioner moved to El Paso, where he has actively cared for his father while working full time.

Petitioner did not file timely Federal income tax returns for the years 2001 through 2003. Pursuant to section 6020(b) respondent prepared substitutes for returns (SFRs) for petitioner's years 2001, 2002, and 2003. On the basis of the SFRs respondent determined income tax deficiencies for the years at issue and additions to tax for failure to file, failure to pay, and failure to pay estimated tax.[1] After receiving the notice of deficiency petitioner petitioned this Court and later submitted to respondent delinquent Forms 1040, U.S. Individual Income Tax Return, for the years at issue as well for various other years.[2]

## OPINION

### I. Burden of Proof

Respondent determined that with respect to each year at issue petitioner is liable for additions to tax pursuant to

---

[1] In computing the additions to tax for 2001 and 2003, respondent took into account petitioner's wage withholdings ($26,122 for 2001 and $3,795 for 2003) and indicated that petitioner had zero wage withholdings for 2002.

[2] On these delinquent returns petitioner claimed wage withholdings that do not differ materially from those respondent used in computing the additions to tax.

sections 6651(a)(1) and (2) and 6654.  Respondent has the burden of production with respect to these additions to tax.  Sec. 7491(c).  To meet this burden, respondent must produce evidence showing that the additions to tax are appropriate.  See <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).  Once respondent satisfies this burden, petitioner has the burden of proof with respect to exculpatory factors such as reasonable cause.  See <u>id.</u>; <u>Ruggeri v. Commissioner</u>, T.C. Memo. 2008-300.

II.  <u>Section 6651(a)(1) Addition to Tax</u>

Section 6651(a)(1) imposes an addition to tax for failure to file a return by its due date unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.[3]  The addition equals 5 percent of the net amount due for each month that the return is late, not to exceed 25 percent.  Sec. 6651(a)(1), (b)(1).

The parties stipulated that petitioner did not timely file his returns.  In computing the section 6651(a)(1) addition to tax as determined in the notice of deficiency, respondent took into account petitioner's wage withholdings for 2001 and 2003.  In this proceeding respondent has conceded that petitioner's deficiency for each year at issue is smaller than determined in the notice of deficiency.  If, as seems likely, the computations

_____

[3]The substitutes for return that respondent made are disregarded for this purpose.  See sec. 6651(g).

show that petitioner's tax liabilities as determined in this proceeding exceed his prepayment credits, respondent will have satisfied his burden of production and the section 6651(a)(1) addition will apply unless petitioner can show reasonable cause and a lack of willful neglect. See Higbee v. Commissioner, supra at 446; Crocker v. Commissioner, 92 T.C. 899, 913 (1989).

Petitioner ascribes his failure to file to a variety of circumstances. He asserts that he had difficulty obtaining bookkeeping and accounting services after his accountant stopped working for him in May 2001. The record does not show conclusively when petitioner obtained the services of his new accountant. But the more fundamental consideration is that a taxpayer has a personal and nondelegable duty to file a timely return. United States v. Boyle, 469 U.S. 241, 249 (1985). Difficulty in finding a bookkeeper or accountant does not provide reasonable cause for petitioner's untimely filing. See Sparkman v. Commissioner, T.C. Memo. 2005-136, affd. 509 F.3d 1149 (9th Cir. 2007).

Petitioner also asserts that his failure to file was due to his caring for his ill father and to his own anxiety issues which he contends impaired his ability to manage his affairs. Reasonable cause for failure to file may exist if the taxpayer's or a family member's illness or incapacity prevents the taxpayer from filing his or her tax return but not if the taxpayer is able

to continue his or her business affairs despite the illness or incapacity.  See Ruggeri v. Commissioner, supra (and cases cited therein).

We are not persuaded that his father's illness or petitioner's own anxiety issues prevented petitioner from filing his 2001, 2002, and 2003 Federal income tax returns.  His father became seriously ill in June 2003, after the due dates had passed for petitioner to file his 2001 and 2002 tax returns.  The evidence shows that throughout the relevant periods petitioner was able to manage his business affairs, working 14 to 16 hours a day, not only holding down a full-time job with significant management responsibilities but also operating his sole proprietorship.

On cross-examination petitioner acknowledged that he had failed to timely file Federal income tax returns for 1998 through 2005.  This pattern of chronic noncompliance further weighs against finding reasonable cause.  See, e.g., Judge v. Commissioner, 88 T.C. 1175, 1189-1191 (1987).

We conclude and hold that petitioner lacked reasonable cause for failing to file his returns for 2001, 2002, and 2003.  Accordingly, petitioner is liable for the section 6651(a)(1) additions to tax, insofar as the computations show that for any month petitioner had net amounts due with respect to the years at issue.

III. Section 6651(a)(2) Addition to Tax

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on a return on or before the due date unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.  The addition is calculated as 0.5 percent of the amount shown as tax on the tax return but not paid, with an additional 0.5 percent for each month or fraction thereof during which the failure to pay continues, up to a maximum of 25 percent.[4]  If the amount required to be shown as tax on the return is less than the amount actually shown on the return, the addition to tax is calculated by reference to the lesser amount.  Sec. 6651(c)(2).  For purposes of computing the section 6651(a)(2) addition for any month, the amount of tax shown on the return is reduced by the amount of any part of the tax paid before the beginning of the month and by the amount of any credit against the tax which may be claimed on the return.  Sec. 6651(b)(2).

The section 6651(a)(2) addition applies only if an amount of tax is shown on a return.  Wheeler v. Commissioner, 127 T.C. 200, 208 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).  The parties have stipulated copies of SFRs that respondent filed for each

[4]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition to tax under sec. 6651(a)(1) for any month to which an addition to tax applies under both paragraphs.  Sec. 6651(c)(1).

year at issue.  These SFRs meet the requirements of section 6020(b).  See id. at 209.  In computing the section 6651(a)(2) additions to tax as determined in the notice of deficiency, respondent reduced the amounts of tax shown on the SFRs by petitioner's wage withholdings for 2001 and 2003.  It is undisputed that petitioner failed to pay any other part of the tax shown on the SFRs.  Respondent concedes that petitioner's deficiency for each year at issue is smaller than he originally determined on the basis of the SFRs.  If, as seems likely, the computations show that after taking into account petitioner's decreased liabilities resulting from these decreased deficiencies there are unpaid amounts of tax required to be shown on petitioner's returns, respondent will have met his burden of production with respect to the section 6651(a)(2) additions to tax.

The addition to tax for failure to pay does not apply if the taxpayer shows that the failure was due to reasonable cause and not due to willful neglect.  Sec. 6651(a)(2); see Higbee v. Commissioner, 116 T.C. at 447.  To prove reasonable cause for a failure to pay the amount shown as tax on a return, the taxpayer must show that he exercised ordinary business care and prudence in providing for payment of his tax liability and nevertheless was either unable to pay the tax or would suffer undue hardship

- 10 -

if he paid the tax on the due date.  Sec. 301.6651-1(c)(1),
Proced. & Admin. Regs.

Petitioner was gainfully employed during the years at issue.
He has not shown, or even expressly alleged, that his financial
situation during 2001, 2002, or 2003 prevented him from paying
his Federal income tax despite the use of ordinary business care
and prudence.

We conclude and hold that petitioner did not have reasonable
cause for his failure to pay timely.  Accordingly, petitioner is
liable for the section 6651(a)(2) additions to tax for failure to
pay the amounts shown on his Federal income tax returns for 2001,
2002, and 2003, insofar as the computations show unpaid amounts
of tax required to be shown on petitioner's returns.

IV.  Section 6654 Addition to Tax

Section 6654(a) imposes an addition to tax for failure to
make timely and sufficient payments for estimated taxes.
Respondent has conceded the section 6654 addition for 2001.  To
satisfy his burden of production for the section 6654 addition
for 2002 and 2003, he must produce evidence sufficient to show
that petitioner had an obligation to make estimated tax payments
for those years.  See Wheeler v. Commissioner, supra at 211.

The section 6654 addition is calculated by reference to four
required installment payments of the taxpayer's estimated income
tax.  Sec. 6654(c)(1); Wheeler v. Commissioner, supra at 210.

Each required installment of estimated income tax is equal to 25 percent of the "required annual payment." Sec. 6654(d)(1)(A). The required annual payment is generally equal to the lesser of: (1) 90 percent of the tax shown on the taxpayer's return for the year (or, if no return is filed, 90 percent of the taxpayer's tax for the year); or (2) if the taxpayer filed a return for the immediately preceding taxable year, 100 percent of the tax shown on the return. Sec. 6654(d)(1)(B); Wheeler v. Commissioner, supra at 210-211. For purposes of applying section 6654, credits allowed under section 31 for tax withheld on wages are deemed payments of estimated taxes. Sec. 6654(g).

Petitioner filed no return for 2001, 2002, or 2003. Therefore, petitioner's required annual payments for 2002 and 2003 are determined by reference to 90 percent of his tax for each of those years, as determined in this proceeding. Respondent has satisfied his burden of production for the section 6654 addition with respect to 2002 and has also satisfied it with respect to 2003 insofar, as seems likely, petitioner's section 31 credits for 2003 do not completely satisfy his required annual payments for that year.

Except in very limited circumstances not applicable in this case, see sec. 6654(e)(3)(B), section 6654 provides no exception for reasonable cause. Mendes v. Commissioner, 121 T.C. 308, 323 (2003). Instead, the section 6654 addition to tax is mandatory

unless the taxpayer establishes that one of the exceptions in section 6654(e) applies.  <u>Recklitis v. Commissioner</u>, 91 T.C. 874, 913 (1988).

Petitioner has not shown that any of the statutory exceptions under section 6654(e) applies.  We hold that petitioner is liable for the section 6654(a) additions to tax for 2002 and 2003.

To reflect the foregoing and respondent's concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.