T.C. Memo. 2014-122

UNITED STATES TAX COURT

LEE ANTHONY BAKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27586-12.                    Filed June 18, 2014.

Lee Anthony Baker, pro se.

<u>Richard J. Hassebrock</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  Respondent determined a deficiency and additions to tax

with respect to petitioner's 2009 Federal income tax:

**[*2]**

| | | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2009 | $39,066 | $8,789.85 | [1]$5,078.58 | $935.23 |

> [1]The amount of any addition to tax pursuant to sec. 6651(a)(2) shall be determined pursuant to sec. 6651(a)(2), (b), and (c).

The issues for decision are: (1) whether petitioner is entitled to a deduction of $63,638 for expenses relating to his truck operation; (2) whether petitioner is liable for self-employment tax of $16,438; (3) whether petitioner is entitled to a self-employment tax deduction of $8,219; and (4) whether petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654.[1]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in Ohio.

During 2009 petitioner worked as a self-employed truck driver. Petitioner owned a 1995 Mack Truck tractor which he used to haul tank trailers from a pickup site to designated destinations. Petitioner did not own the trailers.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** Petitioner received $119,289 in self-employment income, primarily from Advantage Tank Lines, and $58 of interest income, for the taxable year 2009.

On April 15, 2010, petitioner requested and was granted an extension of time to file his 2009 Federal income tax return. Petitioner failed to file a tax return for 2009. In 2012 respondent prepared a substitute for return (SFR) for 2009 on the basis of information returns filed by third-party payors with the Internal Revenue Service.

On August 13, 2012, respondent issued to petitioner a notice of deficiency for 2009.[2] Petitioner timely filed a petition disputing the determinations in the notice of deficiency.

OPINION

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are in error.[3] See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

---

[2]The notice of deficiency allowed a standard deduction and a personal exemption for petitioner.

[3]In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under sec. 7491(a). However, petitioner has not argued that the burden of proof should shift to respondent, nor has he produced credible evidence as required by sec. 7491(a)(1). Therefore, we hold that the burden of proof does not shift to respondent.

**[\*4]** A.  Income

The parties stipulated that for 2009 petitioner received $119,289 of income as a self-employed truck driver and $58 of interest income.

B.  Deductions

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Section 6001 requires taxpayers to maintain records sufficient to establish the amount of each deduction.  See also sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) allows a deduction for ordinary and necessary expenses that a taxpayer pays in connection with the operation of a trade or business.  Boyd v. Commissioner, 122 T.C. 305, 313 (2004).  If a taxpayer establishes that an expense is deductible, but is unable to substantiate the precise amount, we may estimate the amount, bearing heavily against the taxpayer whose inexactitude is of his own making.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The taxpayer must present sufficient evidence for the Court to form an estimate because without such a basis, any allowance would amount to unguided

**[*5]** largesse.  Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Section 274 overrides the Cohan rule with regard to certain expenses.  See Sanford v. Commissioner, 50 T.C. 823, 828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Section 274 requires stricter substantiation for travel, meals, and certain listed property.  Section 274(d) provides that no deduction shall be allowed unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement:  (1) the amount of the expense; (2) the time and place of the expense; and (3) the business purpose of the expense.  See Oswandel v. Commissioner, T.C. Memo. 2007-183, 2007 Tax Ct. Memo LEXIS 185, at *7.  Even if such an expense would otherwise be deductible, section 274 may still preclude a deduction if the taxpayer does not present sufficient substantiation.  Sec. 1.274-5T(a), Temporary Income Tax Regs., supra. However, in the alternative, each element of an expenditure or use may be established by the taxpayer's own written or oral statement "containing specific information in detail as to such element" combined with corroborative evidence sufficient to establish such element.  Sec. 1.274-5T(c)(3)(i)(A) and (B), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

[*6] Section 274(d)(4) provides that no deduction shall be allowed "with respect to any listed property (as defined in section 280F(d)(4))" unless the taxpayer meets the heightened substantiation requirements. Section 280F(d)(4)(A)(ii) defines listed property to include "any other property used as a means of transportation". However, section 280F(d)(4)(C) provides that listed property under section 280F(d)(4)(A)(ii) does not include "property substantially all of the use of which is in a trade or business of providing to unrelated persons services consisting of the transportation of persons or property for compensation or hire." We find that petitioner's truck is section 280F(d)(4)(C) property. We note that section 274(d)(4) states "with respect to any listed property". (Emphasis added.) Therefore, an expense satisfies the section 280F(d)(4)(C) exception if the expense was incurred "with respect to" the section 280F(d)(4)(C) property. We find that petitioner's fuel, truck maintenance, truck insurance, truck oil changes, truck storage fees, truck licenses plates, and the heavy highway use taxes were expenses incurred "with respect to" the truck. See Baptiste v. Commissioner, T.C. Memo. 1999-96, 1999 Tax Ct. Memo LEXIS 114, at *12 n.7 (fuel purchases in connection with section 280F(d)(4)(C) property are not subject to the heightened

[*7] substantiation requirements of section 274(d)(4)). Accordingly, these expenses are not subject to the heightened substantiation requirements of section 274(d)(4).[4]

At trial petitioner claimed that he incurred approximately $63,638 of expenses related to his truck business for the taxable year 2009. The $63,638 included amounts allegedly paid for fuel ($38,516), truck maintenance ($12,200), truck insurance ($1,500), truck oil changes ($1,722), truck storage fees ($1,200), truck license plates ($1,450), and heavy highway use taxes ($550). He also claimed travel expenses ($6,500).

Petitioner provided no documentation to support any of the expenses he claimed to have incurred.[5] Petitioner credibly testified, and respondent does not dispute, that he was employed as an independent truck driver delivering fuel for Advantage Tank Lines.[6] Petitioner testified that he estimated that he drove approximately 65,000 miles in 2009. We believe that petitioner must have incurred some expenses in transporting the fuel. At trial respondent

---

[4]We note that petitioner's travel expenses do not satisfy the sec. 280F(d)(4)(C) exception.

[5]Petitioner filed for bankruptcy in 2011. In the process of losing his home in 2011 petitioner lost all of his records related to his truck operation.

[6]Petitioner ceased his truck operation after February 2010.

[*8] acknowledged that the tax in the notice of deficiency was based on petitioner's gross receipts. Respondent did not allege that Advantage Tank Lines reimbursed petitioner for any of his claimed expenses.

We found petitioner to be a credible witness. However, all of his figures were based on rough estimates that were made years after the fact without documentation. Applying the Cohan rule, we bear heavily against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d at 544.

Petitioner's estimate that he incurred $38,516 of fuel expenses was based on his estimate that he drove 65,000 miles and that his truck got approximately 6.75 miles per gallon. The U.S. Energy Information Administration reports that the average price per gallon, including taxes, of on-highway diesel fuel in 2009 was $2.47. Therefore, petitioner's testimony indicates he spent approximately $23,785 on fuel. We believe petitioner drove a substantial number of miles in 2009. However, without any documentation to support his testimony, we find that petitioner is entitled to a deduction of only $18,000 for fuel expenses.

Petitioner estimated that he incurred truck insurance expenses of $1,500. We find that petitioner is entitled to a deduction of $500 for insurance. Petitioner claimed he incurred oil change expenses of $1,722. We find that petitioner is

**[*9]** entitled to a deduction of $500 for oil change expenses. Petitioner claimed he paid $1,450 for truck license plates. We hold that petitioner is entitled to a deduction of $400 for license expenses.

We find that petitioner did not present sufficient evidence to substantiate the maintenance, storage, taxes, and travel expenses that he alleged he incurred. Accordingly, we hold that petitioner is not entitled to a deduction for these expenses.

C. Self-Employment Tax

Section 1401 imposes a tax on self-employment income of every individual. Self-employment income is defined as "the net earnings from self-employment derived by an individual * * * during any taxable year". Sec. 1402(b). The term "net earnings from self-employment" is defined as "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions * * * which are attributable to such trade or business". Sec. 1402(a). Individuals whose net earnings from self-employment equal or exceed $400 during the taxable year are required to report such income. Sec. 6017.

The notice of deficiency determined that petitioner was liable for self-employment tax of $16,438 and allowed a self-employment tax deduction of $8,219. We have found that petitioner is entitled to additional deductions that

**[\*10]** respondent had disallowed in the notice of deficiency. Accordingly, this will change the amounts of petitioner's self-employment tax and the self-employment tax deduction.

D. Additions to Tax

Respondent determined that petitioner is liable for additions to tax pursuant to sections 6651(a)(1) and (2) and 6654. Respondent has the burden of production with respect to these additions to tax. See sec. 7491(c). To meet this burden, respondent must produce evidence showing that the additions to tax are appropriate. See id.; Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once respondent satisfies this burden, petitioner has the burden of proof with respect to exculpatory factors such as reasonable cause. See Higbee v. Commissioner, 116 T.C. at 446-447.

1. Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax when a taxpayer fails to file a timely return unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The addition to tax is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent. Id.

**[*11]** Petitioner did not file a Federal income tax return for 2009. Thus, we find that respondent has met his burden of production. Petitioner has not provided evidence sufficient for us to find that his failure to file a return was due to reasonable cause. Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(1).

2. Section 6651(a)(2)

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount of tax shown on a return, unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The addition is calculated as 0.5% of the amount shown as tax on the return but not paid, with an additional 0.5% for each month or fraction thereof during which the failure to pay continues, up to a maximum of 25%.[7] Id.

Under section 6020(b), when a taxpayer fails to file a return required by law, the Commissioner (acting for the Secretary of the Treasury) may make a return from such information as he can obtain. Under section 6651(g)(2), any return so made is treated as the taxpayer's return for purposes of determining the amount of the addition under section 6651(a)(2).

---

[7]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition to tax under sec. 6651(a)(1) for any month for which an addition to tax applies under both paragraphs. Sec. 6651(c)(1).

[*12] Petitioner failed to file a Federal income tax return for 2009. Pursuant to section 6651(g)(2) the SFR made by respondent is treated as petitioner's tax return. Petitioner failed to pay the amount of tax shown on his SFR for 2009.[8] Therefore, respondent has met his burden of production. Petitioner has not provided evidence sufficient for us to find that his failure to pay was due to reasonable cause. Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(2).

3. Section 6654

Section 6654(a) imposes an addition to tax when a taxpayer fails to pay a required installment of estimated income tax. Each required installment is equal to 25% of the required annual payment. Sec. 6654(d)(1)(A). The required annual payment is equal to the lesser of (1) 90% of the tax shown on the return for the taxable year (or, if no return is filed, 90% of the tax for that year), or (2) 100% of the tax shown on the return, if any, for the preceding taxable year. Sec. 6654(d)(1)(B).

---

[8]Pursuant to this opinion the amount of tax required to be shown on the return for 2009 will be reduced. See sec. 6651(c)(2).

**[\*13]** Petitioner's Federal income tax return for the taxable year 2008 reported an income tax liability of $7,874.[9] We have held that petitioner is entitled to additional deductions that were not allowed in the notice of deficiency. However, even with the additional deductions petitioner will have a substantial tax liability for 2009. Petitioner did not make any estimated payments of tax for the taxable year 2009. Accordingly, petitioner did not make the required annual payment. Respondent has met his burden of production for the section 6654 addition to tax.

The "section 6654 addition to tax is mandatory unless the taxpayer establishes that one of the exceptions in section 6654(e) applies." Verduzco v. Commissioner, T.C. Memo. 2010-278, 2010 Tax Ct. Memo LEXIS 318, at \*12 (citing Recklitis v. Commissioner, 91 T.C. 874, 913 (1988)). Petitioner has not shown that any of the statutory exceptions under section 6654(e) applies. Accordingly, we hold that petitioner is liable for the addition to tax under section 6654.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

---

[9]Petitioner filed a joint Federal income tax return for the taxable year 2008.

**[*14]** To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.