**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2526
_____

DAVID JAHN,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(T.C. No. 08-24302)
Tax Court Judge:  Honorable Thomas B. Wells
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 21, 2011

Before: FUENTES, GREENAWAY, JR., and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 21, 2011 )

_____

OPINION
_____

PER CURIAM

David Jahn appeals from a decision of the Tax Court, arguing that the

Commissioner should have been required to account for certain itemized deductions in

calculating his tax deficiency and challenging the Tax Court's imposition of a penalty

pursuant to Internal Revenue Code ("I.R.C.") § 6673.  For the following reasons, we will

affirm.

I.

This is the second time that Jahn is before us due to his failure to pay taxes. In the first proceeding, which arose out of Jahn's failure to file a tax return for the 2004 tax year, Jahn filed a petition in Tax Court arguing that the Commissioner should have been required to account for itemized deductions in the substitute return he prepared on Jahn's behalf. The Tax Court held that Jahn was not entitled to itemize deductions because he did not file a return relating to 2004. Jahn v. Comm'r, T.C. Mem. 2008-141, 2008 WL 2128229, at *1 (T.C. May 21, 2008). On appeal, we affirmed the Tax Court's holding that a taxpayer must file a return in order to itemize deductions. Jahn v. Comm'r, 392 F. App'x 949, 950 (3d Cir. 2010).

While that appeal was pending, Jahn was served with a notice of deficiency relating to the 2006 tax year. Since Jahn had also failed to file a tax return for the 2006 tax year, the Commissioner calculated Jahn's deficiency by preparing a substitute return for him pursuant to I.R.C. § 6020(b). As with the 2004 tax year, the Commissioner only allowed Jahn the standard deduction.

Jahn filed a petition in Tax Court, challenging the calculated deficiency as he did with the 2004 tax year because the substitute return did not account for itemized deductions. In response, the Commissioner sent Jahn a letter requesting that he submit a return for the 2006 tax year in order to resolve the matter. Jahn took the position that he "shouldn't be required to prepare and sign under penalty of perjury documents which [he]

2

lack[s] the education and training to comprehend, and then potentially suffer fines and penalties or imprisonment due solely to [his] inability to understand and apply the complex tax laws to [his] situation." (Ex. 6-J.) Accordingly, instead of preparing a return, Jahn submitted documentation of the deductions he sought and indicated that the Commissioner should prepare the return for him, taking those deductions into account.

The matter eventually proceeded to trial. Jahn's case rested on the premise that the government should not be able to "compel you to do something you really don't have the education or training to do," i.e., file a tax return. (Trial Tr. 8.) He also reiterated his assertion that he should be entitled to itemize deductions. The Tax Court concluded that Jahn's failure to file a return precluded his eligibility for itemized deductions, and held that the Commissioner had established a deficiency and additions to tax in the amounts reflected in the substitute return. Additionally, the Tax Court imposed a $10,000 penalty on Jahn, pursuant to I.R.C. § 6673, for advancing frivolous arguments despite several warnings that his positions lacked merit.

Jahn timely filed a motion to vacate, which the Tax Court denied. He then filed a timely appeal.

## II.

Our appellate jurisdiction arises under 26 U.S.C. § 7482(a). We exercise plenary review over the Tax Court's legal conclusions, see PNC Bancorp, Inc. v. Comm'r, 212 F.3d 822, 827 (3d Cir. 2000), and review its imposition of a penalty under § 6673 for abuse of discretion. See Pollard v. Comm'r, 816 F.2d 603, 604 (11th Cir. 1987) (per

3

curiam).

In this appeal, Jahn continues to maintain that he is entitled to itemize deductions despite his failure to file a return.[1]  Jahn argues that I.R.C. § 63(e) allows a taxpayer to itemize regardless of who makes the return.  And since the substitute return prepared by the Commissioner constitutes a return for purposes of establishing tax liability and imposing additions to tax, Jahn argues that it constitutes a return for the purpose of electing to itemize under § 63(e).  We reject those arguments.

"Unless an individual makes an election under [§ 63(e)] . . . , no itemized deduction shall be allowed for the taxable year."  I.R.C. § 63(e)(1).  That election "shall be made on the taxpayer's return."  § 63(e)(2).  Given the I.R.C.'s clear statutory language, it is fairly obvious that, unless a taxpayer files a return and makes the appropriate election, he is not entitled to itemize.  See Maxwell v. United States, 80 F. Supp. 2d 1352, 1353-54 (N.D. Ga. 1999).

---

[1] The Commissioner asserts that collateral estoppel bars Jahn's challenge because Jahn unsuccessfully pursued the same argument with respect to the 2004 tax year. Collateral estoppel is an affirmative defense that must be raised initially in tax court.  See Shades Ridge Holding Co. v. United States, 888 F.2d 725, 727 (11th Cir. 1989); Sundstrand Corp. & Subsidiaries v. Comm'r, 96 T.C. 226, 349 (1991). Since the Commissioner never raised the issue of collateral estoppel before the Tax Court, we decline to consider the matter for the first time on appeal.  See In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 261 (3d Cir. 2009).  We note, however, that we find the Commissioner's position to be somewhat disingenuous since he opposed Jahn's motion to stay the instant case pending our ruling in the earlier appeal on the basis that "the outcome of [the appeal in the prior case] will not have affect [sic] on the instant case" since "[e]ach taxable year stands alone." (Comm'r's Notice of Objection ¶ 4.)

Furthermore, although a substitute return prepared pursuant to I.R.C. § 6020(b) is treated like a return for certain purposes, it is not the equivalent of a return filed by the taxpayer. Section 6020(b) authorizes the Secretary to prepare a substitute return for a taxpayer who has failed to file, which is "good and sufficient for all legal purposes except insofar as any Federal statute expressly provides otherwise." Treas. Reg. § 301.6020-1(b)(3). Among those valid purposes are assessing the taxpayer's deficiency and determining addition to tax. See I.R.C. §§ 6201(a)(1), 6651(g); United States v. Silkman, 220 F.3d 935, 936 (8th Cir. 2000). But the substitute return does not relieve the non-filing taxpayer of his duty to file, see United States v. Lacy, 658 F.2d 396, 397 (5th Cir. 1981) (per curiam), and does not equate to a filed return unless signed by the taxpayer. See In re Bergstrom, 949 F.2d 341, 343 (10th Cir. 1991).

Thus, a substitute return prepared under § 6020(b) is not a "taxpayer's return" within the meaning of § 63(e)(2). Jahn contends that, if a substitute return qualifies as a return for some purposes, due process and equal protection require that it constitute a return for every purpose. We find no basis for Jahn's constitutional challenge.[2] The Commissioner gave Jahn the standard deduction to which he was entitled. If Jahn wanted to itemize deductions, he should have filed his own return and made the appropriate election as he was invited to do by the Commissioner. Since he did not do so, he is not entitled to itemize deductions for the 2006 tax year.

---

[2] Furthermore, we reject Jahn's suggestion that he was unconstitutionally threatened by the Tax Court.

5

Jahn also argues that the Tax Court abused its discretion in imposing a penalty under § 6673. "When taxpayers are on notice that they may face sanctions for frivolous litigation, the tax court is within its discretion to award sanctions under section 6673," so long as the sanction does not exceed $25,000. Wolf v. Comm'r, 4 F.3d 709, 716 (9th Cir. 1993); see I.R.C. § 6673(a)(1). An argument is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Comm'r, 791 F.2d 68, 71 (7th Cir. 1986).

First, Jahn's contention that he was never warned that his positions lacked merit is flatly controverted by the record. The Commissioner specifically notified Jahn in a pretrial letter that he intended to seek penalties under § 6673 if Jahn persisted in arguing that he was entitled to itemize deductions without filing a return. Furthermore, the Commissioner clearly stated in his pretrial memorandum and in his opening argument at trial that he sought penalties in light of that argument as well as Jahn's argument that the complexity of the tax code prevented him from filing a return. Indeed, when directly questioned by the Tax Court on the issue, Jahn acknowledged receiving notice that his positions were meritless.

Second, we do not believe that the Tax Court abused its discretion in penalizing Jahn for advancing groundless positions. The Tax Court found Jahn's argument that he should not be compelled to file a tax return given the complexity of the tax code akin to tax protester-type arguments wholly lacking in merit. The Tax Court also noted that Jahn continued to pursue arguments that he had unsuccessfully advanced with respect to the

6

2004 tax year, i.e., that he should be entitled to itemize.  We agree that Jahn's arguments have no support in the law and conclude that the Tax Court did not abuse its discretion in penalizing Jahn $10,000.[3]  See Jenkins v. Comm'r, 483 F.3d 90, 94 (2d Cir. 2007) (upholding penalty for argument that, while not foreclosed by precedent, was representative of arguments that had been universally rejected, especially since petitioner "previously raised a similar unsuccessful challenge in Tax Court"); Stearman v. Comm'r, 436 F.3d 533, 537-38 (5th Cir. 2006) (upholding $12,500 penalty per case when taxpayer advanced arguments "characteristic of tax-protester rhetoric") (quotations omitted).

For the foregoing reasons, we will affirm the judgment of the Tax Court.

---

[3] Jahn argues that he should not have been penalized because he did not advance any of the arguments posted on the Internal Revenue Service's website, which provides a list of arguments that have repeatedly found by courts to be frivolous. Frivolous Tax Arguments in General, Internal Revenue Service (Jan. 1, 2011), www.irs.gov/taxpros/article/0,,id=159932,00.html.  While that list may provide useful guidance to taxpayers, it is by no means exclusive and does not preclude imposition of a penalty for arguments that are not specifically identified.

7