T.C. Memo. 2019-128

UNITED STATES TAX COURT

CLAUDE TATE GEORGE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26045-15.                    Filed September 25, 2019.

P did not make a return of income for 2013. During 2013, P received a taxable pension distribution. R made a substitute return for P and determined a tax deficiency that was computed by including the pension distribution in P's gross income and by allowing him the standard deduction and one personal exemption and by adding to the income tax so determined an additional 10% tax for premature distributions from a qualified retirement plan. R also determined additions to tax for failing timely both to file a return and to pay tax. R has moved for summary judgment.

Held: Because P did not file a return, he may not itemize deductions.

Held, further, no dispute as to material facts nor with respect to applicable legal principles.

Held, further, R's motion will be granted.

[*2]   Claude Tate George, pro se.

Robert F. Saal, for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  Respondent determined a deficiency in petitioner's 2013 Federal income tax of $70,318 together with additions to tax of $6,457 and $2,296 under section 6651(a)(1) and (2), respectively.[1]  Respondent has moved for summary adjudication in his favor on all issues (motion), and petitioner objects.

Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b).  The moving party bears the burden of proving that no genuine dispute as to any material fact exists, and we will draw any factual inferences in the light most favorable to the nonmoving party.  See, e.g., Anonymous v. Commissioner, 134 T.C. 13, 15 (2010).

_____

[1]All section references are to the Internal Revenue Code of 1986, as amended and in effect for 2013, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts have been rounded to the nearest dollar.

**[\*3]**   We will grant the motion.

Background

We draw the following facts principally from the pleadings and the facts that we have deemed stipulated.

Petitioner's legal address when the petition was filed was in New Jersey.  He is a former professional basketball player who, in 2013, was convicted in Federal court of wire fraud for running a real estate Ponzi scheme.  See United States v. George, 684 F. App'x 223 (3d Cir. 2017).  Petitioner was incarcerated for the whole of 2013, and he has remained incarcerated to the present.  He is scheduled for release in August 2021.

In 2013, petitioner received a National Basketball Association (NBA) pension distribution of $208,111 through U.S. Bank, N.A.  The bank withheld $41,622 of income tax from the distribution.  Petitioner was 45 years of age on December 31, 2013.

Petitioner has made no return of Federal income tax for 2013.  That caused respondent to make a return for him.  On May 11, 2015, Internal Revenue Service Revenue Agent (RA) Dennis M. Landadio executed a section 6020(b) certification of a substitute return for petitioner for his 2013 tax year, showing an unpaid tax balance of $28,696.  To arrive at that balance, RA Landadio included in

[*4] petitioner's 2013 gross income the $208,111 pension distribution. Then, assuming that petitioner's 2013 filing status was "single", he allowed petitioner a standard deduction of $6,100 and personal exemption of $3,900, which resulted in taxable income of $198,111. RA Landadio calculated an income tax of $49,507 and also a section 72(t) tax of $20,811, which he assumed petitioner owed because he considered the pension distribution to be an early distribution from a qualified retirement plan. RA Landadio summed those two amounts to arrive at a deficiency in tax for 2013 of $70,318. He then subtracted the $41,622 of withholding, which resulted in the unpaid tax balance of $28,696 (plus the additions to tax). On July 24, 2015, respondent mailed to petitioner at his last known address a statutory notice of deficiency reflecting the above.

On October 15, 2015, petitioner timely filed the petition. He assigns error to respondent's determinations in their entirety, arguing that (1) his incarceration has prevented him from making a tax return, (2) all taxes owed on the distribution were withheld by the NBA Pension Office, and (3) paying the amounts owed under the notice would pose a hardship on him and his family.

After we twice continued a trial on petitioner's motion, respondent made the motion. In opposing the motion, petitioner argues that his incarceration has prevented him from accessing the documentation needed to substantiate alleged

**[\*5]** deductible expenses and, therefore, there is a genuine dispute of material fact as to his deductible expenses sufficient to preclude entry of summary judgment.

## Discussion

I.      Relevant Legal Authorities

A.      Deficiency in Tax

The Internal Revenue Code imposes a Federal income tax on the taxable income of every individual. See sec. 1. The taxable income of an individual who does not elect to itemize his deductions for the taxable year is his gross income minus (1) the standard deduction and (2) the deduction for personal exemptions. See sec. 63(b). Gross income includes pension income. See sec. 61(a)(11). For 2013, the standard deduction for an individual with single filing status was $6,100, see sec. 63(c); Rev. Proc. 2013-15, sec. 2.07(1), 2013-5 I.R.B. 444, 448, and the exemption amount was $3,900, see sec. 151; Rev. Proc. 2013-15, sec. 2.11(1), 2013-5 I.R.B. at 448. In general, every U.S. resident whose gross income for the taxable year equals or exceeds the exemption amount is required to make a return of income tax. See sec. 6012(a)(1)(A). Section 72(t)(1) provides for a 10% additional tax on distributions from qualified retirement plans, as that term is defined in section 4974(c). Qualified retirement plans include pension plans described in section 401(a). See sec. 4974(c). Section 72(t)(2) provides

[*6] exceptions to imposition of the additional tax, including an exception for distributions made to taxpayers 59-1/2 years old or older. The term "deficiency" is, in general, defined as the excess (if any) of the tax imposed over the amount shown as tax upon the taxpayer's return. See sec. 6211(a). Generally, if a taxpayer makes no return for a taxable year, the deficiency in his income tax for the year would be equal to his income tax liability for the year, even if the Commissioner prepares a substitute return for him. See Spurlock v. Commissioner, 118 T.C. 155, 161 (2002) (holding section 6020(b) return is not a return under section 6211(a)).

B.    Itemized Deductions

Section 63 allows an individual, in determining his taxable income, to itemize his deductions rather than take a standard deduction. However, section 63(e)(1) provides that no itemized deductions shall be allowed unless the individual makes an election. Section 63(e)(2) provides that such election shall be made on the individual's return. Thus, if an individual fails to file a return, he has made no election to itemize his deductions. See Salati v. Commissioner, T.C. Memo. 1989-192. If an individual does not file a return and, as a result, the Commissioner prepares a substitute return, then the individual has made no election and may not claim itemized deductions. See Murray v. Commissioner,

**[*7]** T.C. Memo. 2012-213; accord Jahn v. Commissioner, 431 F. App'x 210, 212 (3d Cir. 2011).

    C.    <u>Additions to Tax</u>

Section 6651(a)(1) imposes an addition to tax for failure to file a timely tax return. The addition equals 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent. <u>Id.</u> Section 6651(a)(2) imposes an addition to tax for failure to pay timely the amount shown as tax on any return. The amount of the addition is equal to 0.5% of the tax for each month or fraction thereof during which the tax remains unpaid, up to a maximum addition of 25%. A substitute for return prepared pursuant to section 6020(b) is disregarded for purposes of section 6651(a)(1) but is treated as the taxpayer's return for purposes of section 6651(a)(2). <u>See</u> sec. 6651(g). A defense to either addition is that the failure timely to file or to pay (as the case may be) is due to reasonable cause and not to willful neglect. <u>See</u> sec. 6651(a)(1) and (2).

**[*8]** II.     Discussion

   A.     Deficiency in Tax

Petitioner's 2013 Federal income tax return was due on April 15, 2014. See sec. 6072(a). In 2013, petitioner received a pension distribution of $208,111 ($166,489, after income tax withholding), but, for 2013, he filed no income tax return. There is no dispute as to those two material facts. Pension distributions are an item of gross income. See sec. 61(a)(11). Petitioner makes no argument that the full amount of the pension distribution should not be included in his 2013 gross income. Petitioner's only argument in contesting the deficiency respondent determined is that, because he is incarcerated and does not have his records, it was inadvisable for him to file a return, which, if he had his records and had filed a return, might have reported deductible expenses in excess of the $6,100 standard deduction respondent allowed. Because he filed no return for 2013, petitioner could not elect to itemize his deductions for 2013, so any dispute as to hypothetical expenditures in 2013 would not be a dispute as to a material fact. Therefore, we conclude that, as described above, respondent properly calculated an income tax of $49,507. Also, early distributions from retirement plans (before age 59-1/2) are subject to an additional tax of 10% unless certain specified exceptions from the tax are available. We have deemed stipulated that petitioner

[*9] was 45 years old on December 31, 2013. Petitioner makes no argument that the pension distribution was not an early distribution from a qualified retirement plan or that any exception to the 10% additional tax on early distributions from qualified retirement plans applies. There is no dispute as to any material fact with respect to the additional tax. Respondent properly determined an additional section 72(t) tax of $20,811. Altogether, respondent properly determined a deficiency of $70,318 in petitioner's 2013 income tax liability.

### B.    Additions to Tax

There is no question that petitioner neither filed a 2013 Federal income tax return nor paid all of the unpaid tax shown on the 2013 substitute return made for him by respondent. Petitioner's principal defense to respondent's additions to tax is that he has been incarcerated, so that documents evidencing deductible expenditures are unavailable to him, and it would be inadvisable for him to file a 2013 return until he obtains documents that might evidence those deductible expenditures.

Even if it were true that there is evidence of deductible amounts not available to petitioner, that would not necessarily establish reasonable cause and a lack of willful neglect for not filing or paying. The mere fact that petitioner was incarcerated when his return was due is not reasonable cause for his failure to file

[*10] timely.  Llorente v. Commissioner, 74 T.C. 260, 268-269 (1980), aff'd in part, rev'd in part on other grounds, and remanded, 649 F.2d 152 (2d Cir. 1981); Thrower v. Commissioner, T.C. Memo. 2003-139, 2003 WL 21107675, at *5.  Nor is the unavailability of records generally reasonable cause for failure to file a timely return.  Thrower v. Commissioner, 2003 WL 21107675, at *5.  Nothing in the record suggests that petitioner applied for an extension of time to file his 2013 return.  Nor has he shown specific facts raising a genuine dispute for trial that he could not have prepared a timely 2013 return with a reasonable degree of accuracy on the basis of the information available to him as of the due date of that return.  While we appreciate the difficulties that incarceration imposed on petitioner in obtaining information that might show that he had deductible expenditures for 2013 that exceed the $6,100 standard deduction accorded him by respondent, petitioner has not--either in his defense to the motion or in his justification for his two continuance requests--described any expenditure that would qualify for a 2013 deduction or credit.  In opposing a motion for summary judgment, the nonmovant may not rest upon the mere allegations or denials in his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial.  Rule 121(d); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520

**[*11]** (1992), aff'd, 17 F.3d 965 (7th Cir. 1994); Murphy v. Commissioner, T.C. Memo. 2019-72, at *7.

The regulations provide that a taxpayer has reasonable cause for failure to timely pay a tax if "the taxpayer has made a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship * * * if he paid on the due date." Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. The regulations further state:

> In determining whether the taxpayer was unable to pay the tax in spite of the exercise of ordinary business care and prudence in providing for payment of his tax liability, consideration will be given to all the facts and circumstances of the taxpayer's financial situation, including the amount and nature of the taxpayer's expenditures in light of the income (or other amounts) he could, at the time of such expenditures, reasonably expect to receive prior to the date prescribed for the payment of the tax. * * * [Id.]

And while petitioner avers in the petition that paying the amounts owed under the notice would pose a hardship on him and his family, he has not responded to the motion with any specific facts showing that he exercised ordinary business care and prudence in providing for his 2013 tax liability. Nor has he responded with specific facts concerning his financial situation while the failure to pay penalty accrued. While his incarceration may have hampered his ability to

[*12] obtain documents establishing the relevant facts, petitioner admits to family but fails to explain why family members did not assist him in gathering documents not in his immediate possession. Petitioner has failed to show that there is a genuine dispute for trial that he had reasonable cause for not paying the unpaid tax on the 2013 return made for him by RA Landadio.

### C. Summary Judgment

Rule 121(b) provides that, in the absence of a genuine dispute as to any material fact, and if a decision may be rendered as a matter of law, we must render a decision on a motion for summary judgment. There is no genuine dispute as to any material fact, nor is there any dispute relating to respondent's calculations of a $70,318 deficiency in petitioner's 2013 tax or of the additions to tax of $6,457 and $2,296 under section 6651(a)(1) and (2), respectively. Nor is there any doubt as to the applicable legal principles.

## III. Conclusion

As stated, we will grant the motion. As to the appropriateness of a collection action that respondent might take to collect petitioner's unpaid 2013 tax,

**[\*13]** or with respect to any collection alternative that petitioner might offer respondent, petitioner will have the opportunity to raise those matters during the collection process.  <u>See</u> secs. 6320(a), 6330(a).

<u>An appropriate order and decision</u>

<u>will be entered</u>.